
### VAN NESS *vs.* CANTINE & RADCLIFF.

Where the complainant obtains an order for leave to amend his bill upon payment of the costs of the defendant's answer and the costs of opposing the application, he is not compelled to pay the costs of the answer if he elects to proceed without making the proposed amendment; but he must in that case pay the costs of opposing the application to amend.

No execution can be issued out of the court of chancery, against the body or the property of a party, except upon a decree, or upon a positive order of the court.

A party who is equitably entitled to costs, must apply to the court and obtain a positive order for the payment of such costs before he can take out an execution for the same.

THE complainant in this case made an application to the court for leave to amend her bill; but the application was opposed on the part of the defendants, J. & P. W. Radcliff, upon the ground that an entirely new answer would be requisite, if the proposed amendents should be made. The chancellor, however, made an order that the complainant be permitted to amend her bill, according to the prayer of her petition, upon payment to the adverse party of the costs of their answer previously put in, and the costs of opposing the application. The complainant subsequently applied for a modification of that part of the order which required the payment of the costs as a condition of the amendment; but the application was denied. The defendants, thereupon, procured the costs of their answer, and the costs of opposing the application to amend, to be taxed; and they insisted upon their right to claim payment of the whole, under the first order, although the complainant declined to amend her bill upon the terms prescribed in that order. The complainant's solicitor gave a written notice to the defendants that she abandoned the right to amend; and tendered and offered to pay the costs of opposing the application to amend. Which offer was refused. The defendants then caused the costs, as taxed, amounting to $78,49, to be demanded of the complainant; and issued a precept to commit her to prison until that amount, together

<span style="float:right">January 15.</span>

with the further sum of $8,01, for the expenses of the pro= ceedings subsequent to the taxation, should be paid. The sheriff returned upon this precept that the defendant was not found in his bailiwick. And the defendants subsequently is= sued an execution against the property of the complainant; upon which the sheriff was directed to levy the two sums above mentioned, and the further sum of $6, for that and some former executions. The complainant thereupon ap= plied to set aside this execution for irregularity.

*A. H. Dana,* for the complainant.

*Jacob Radcliff,* for the defendants.

THE CHANCELLOR. The defendants who sued out this ex= ecution were wrong in supposing that the complainant was bound to pay the costs of their answer, in this stage of the cause, if she did not think proper to amend under the permis- sion contained in the order of April, 1832. That was not an absolute order to pay the costs, but was merely a conditional grant of the application to amend. She was permitted to amend, according to the prayer of the petition, on condition that she should pay the costs of the answer already put in by these defendants, as well as the costs of opposing her ap- plication. And I cannot see that she has done any positive act which would make it equitable that she should pay the costs of that answer, if she elects to proceed in the suit with- out amendment. The costs of opposing the application for leave to amend, depend upon a different principle. As the petition would have been dismissed, with costs, if the coun- sel, on the hearing of that petition, had declined taking a conditional order; if the client afterwards declines a per- formance of the condition, she must pay the costs which would have been charged upon her, if she had declined it by her counsel in the first instance. But no execution can issue against the body or the property of a party in this court, except upon a decree of the court, or upon some positive or- der in the nature of a decree. It is therefore necessary for

a party who is equitably entitled to such costs, to apply to the court for a positive order for the payment thereof, before he can take out an execution. Upon such an order, the statute has authorized the issuing of a precept to commit the party to prison, if he refuses to pay the amount which is thus ordered to be paid to the adverse party. But as the revised statutes have authorized this court to enforce the performance of a decree only, by an execution against the property of the party as on a common law judgment, it may be doubtful whether a fi. fa. can be issued upon a mere order for the payment of interlocutory costs. Here is an execution directing the sheriff to levy three several sums of money, amounting in all to $92,50, out of the property of the complainant. And yet, there is no order or decree upon the records of this court directing the payment of any part of either of those sums ; and nothing which could authorize the issuing such an execution. As the whole of the proceedings on the part of these defendants, after the receipt of the notice of the abandonment of the order to amend and the tender of the costs of opposing the first application, were irregular and unauthorized, this execution must be set aside with costs, to be paid by the defendants, in whose favor the same was sued out. The defendants are, however, to be permitted to set off against those costs, their costs of opposing the original application to amend. The complainant must also stipulate not to bring an action of trespass.