MARSHALL W. MERRIMAN, APPELLANT, v. EDWARD B. HYDE, APPELLEE.

1. **Foreclosure of Mortgage:** PARTIES. The nominal holder of the equity of redemption ought to be made a party defendant in an action to foreclose a mortgage. But if for any reason he is not, his interest may be ascertained and foreclosed in a subsequent action.

2. **Mortgage:** THOUGH UNRECORDED, TO BE PREFERRED TO A SUBSEQUENT CONVEYANCE WITHOUT CONSIDERATION. An unrecorded mortgage takes precedence of a subsequent conveyance by the mortgagor without consideration.

APPEAL from the district court of Lancaster county. The petition filed in the action was as follows:

The above named plaintiff complains of the above named defendant for that on and before the 11th day of March, 1872, Thomas H. Hyde, then of Lancaster county, in the state of Nebraska, was the owner, and lawfully possessed of the following described real estate, situate in said county, to-wit:

Lot four in block 86, and lots one and two in block 84, excepting 20 feet off of the south end of said lots one and two, in the city of Lincoln. That on the day and year last aforesaid Thomas H. Hyde, together with Rachel L. Hyde, made and executed their certain promissory note in writing of that date, in and by

10

which they promised, on or before the first day of June, 1873, to pay to the said plaintiff by the name and description of M. W. Merriman, or order, three hundred and sixty dollars for value received, negotiable and payable without defalcation or discount, at the First National Bank of Lincoln, with interest at the rate of twelve per cent per annum from first day of June until paid, which said note they, the said Thomas H. Hyde and Rachel L. Hyde, then and there for a valuable consideration delivered to the plaintiff, and that for the purpose of securing the payment of the said sum of money, according to the tenure and conditions of the said note, the said Thomas H. Hyde and Rachel L. Hyde then and there made and executed their mortgage in writing of that date, in and by which mortgage they granted, bargained, sold, and mortgaged unto the said plaintiff, his heirs and assignees forever, the said lot four in block 86, and lots one and two in block 84, in Lincoln; but which said deed had a condition there underwritten, by which it was provided that in case the said Thomas H. Hyde, his heirs, executors, administrators, or assignees, should pay to the said Marshall W. Merriman, his executors or administrators, the sum of three hundred and sixty dollars, with interest, on or before the first day of June, 1873, according to the condition of a certain promissory note executed by said Thomas H. Hyde and Rachel L. Hyde in favor of the said Marshall W. Merriman (meaning and intending the same promissory note as hereinbefore referred to and described), then the deed to be void, otherwise to be and remain in full force, virtue, and effect in law. Which said deed or mortgage was duly delivered to the plaintiff, and was afterwards duly recorded. That the said Thomas H. Hyde and Rachel L. Hyde failed to pay the said sum of money according to the condition of the said note and

mortgage, or any part thereof. The plaintiff further alleges that afterwards, to-wit: on the sixth day of December, 1873, the said Thomas H. Hyde made his certain other promissory note in writing, in and by which he promised, on or before the first day of May next after date, to pay to the plaintiff or order four hundred and twenty-nine dollars, with interest at the rate of twelve per cent per annum, and attorney's fees, which said note was secured by a certain other mortgage executed by the said Thomas H. Hyde and Rachel L. Hyde to the plaintiff upon the following described real estate, to-wit:

. Twenty feet off of the south end of lots one and two in block 84, lot ten in block 21, in the city of Lincoln. Also, the north-east quarter and the south-west quarter of section 26 in township eleven north, of range six east, which said mortgage was also duly delivered and recorded. That the said Thomas H. Hyde has also failed to pay the sum of money mentioned in note and mortgage, or any part thereof. Plaintiff further saith, that on or about the 11th day of August, 1874, he made and filed in this court his petition and precipe, and thereby commenced an action therein, in which said action this plaintiff was plaintiff, and the said Thomas H. Hyde, Rachel L. Hyde, Edward B. Hyde, Perry Palmer, William D. Johnson, Newell T. Bronson, Jacob Pflug, Martin Pflug, and Matilda R. McConnell were defendants, which said parties, all except the said Thomas H. Hyde and Rachel L. Hyde, were made defendants as subsequent incumbrancers of said real estate or some part thereof. Plaintiff says that he afterwards, and before judgment in said action, under advice of counsel, dismissed his said suit as to the said Edward B. Hyde and Jacob Pflug. But that such proceedings were regularly had in the said action in this court; that at the term of this court, began and

held in the month of, to-wit: on the 14th day of November, 1874, by the consideration and determination of said court, this plaintiff recovered judgment of foreclosure and order of sale in the said action according to law and the practice of this court as against each and every other of the aforesaid defendants in the said action. Plaintiff further alleges that afterward, to-wit: On the 11th day of August, 1876, he caused an order of sale to issue out of and from the office of the clerk of this court upon the said judgment of foreclosure and sale directed to the sheriff of Lancaster county, Nebraska, commanding him to appraise, advertise, and sell the said real estate in said judgment as well as in the said order set forth and described according to law, and make report of his doings thereon on the first day of the next term of this court. That the said sheriff, in obedience to the command of the said order, caused the said real estate to be duly appraised, advertised, and sold according to law, and at such sale, did sell the same at public auction to this plaintiff, he being the highest bidder for the several parcels of said lands and real estate at said sale. That upon said sale being made as aforesaid, the same was by the said sheriff duly reported to the said court, and was by the said court duly and regularly confirmed according to law and the course and practice of this court. That thereupon the said sheriff executed and delivered to the plaintiff a deed of conveyance of, to, and upon the said several parcels of real estate hereinbefore, and in the said judgment and order of sale, duly set forth and described, including said lot four in block 86, in the said city of Lincoln. And so the plaintiff alleges that he claims title to the real estate therein first before described, to-wit: Lot four in block 86, in the said city of Lincoln, in the said county of Lancaster.

The plaintiff further alleges that after the execution

and delivery of the note of the said Thomas H. Hyde and Rachel L. Hyde, hereinbefore stated, and the delivery thereof to this plaintiff, and after the making, execution, and delivery of the mortgage by the said Thomas H. Hyde and Rachel L. Hyde, herein first before stated and described; and while the said Thomas H. Hyde and Rachel L. Hyde were justly indebted to the plaintiff in the sum of three hundred and sixty dollars, and divers other large sums of money which were then past due, but before the said first mentioned mortgage from the said Thomas H. Hyde and Rachel L. Hyde was placed on record in the office of the county clerk in and for said county of Lancaster, said Thomas H. Hyde, without consideration, and with the fraudulent intent and purpose of defrauding this plaintiff out his said security, did, on the 7th day of June, 1873, together with the said Rachel L. Hyde, execute, acknowledge, and deliver to the defendant, Edward B. Hyde, the infant son of him, the said Thomas H. Hyde, a deed of conveyance in due form of law, of and to the said lot four, in block 86, in the city of Lincoln, which said deed was on the same day placed on record in the office of the county clerk in and for said county.    That the said defendant, Edward B. Hyde, claims an estate in the said real estate adverse to the plaintiff by, through, and under the said deed of conveyance from the said Thomas H. Hyde and Rachel L. Hyde to him, the said Edward B. Hyde, but which said deed plaintiff avers to be fraudulent and void, and as having been made and delivered without consideration, and for the purpose of defrauding this plaintiff out of the said sum of money and the security therefor as hereinbefore set forth and stated, but which deed now constitutes a cloud upon the title of the plaintiff in and to the said real estate, and greatly depreciates the value and enjoyment thereof.

Plaintiff therefore prays the judgment of this court that the said deed of conveyance from Thomas H. Hyde and Rachel L. Hyde to Edward B. Hyde, bearing date June 7th, 1873, be cancelled, annulled, set aside, and declared void and of none effect, and that plaintiff may have such other and further relief in the premises as may be agreeable to equity and good conscience. Plaintiff further represents to the court that the said Edward B. Hyde, defendant, is an infant under the age of twenty-one years, and plaintiff prays that a guardian for the suit may be appointed for him, the said defendant, according to the form of the statute in such case made and provided.

The defendant answered in substance that plaintiff has not now nor never had any possession of the premises, that defendant had had possession of the same by his tenant, and that plaintiff has a full and complete remedy at law, and secondly, denying each and every allegation of the petition. Upon the trial before POUND, J., the defendant objected to the admission of any testimony by plaintiff on the ground—

*First.* That the petition does not contain facts sufficient to constitute a cause of action.

*Second.* That it is admitted in the pleadings that defendant is in the possession of the premises of which plaintiff seeks to quiet the title.

*Third.* That the evidence offered is irrelevant and immaterial.

The objections were sustained and the cause dismissed. Plaintiff appeals.

*D. G. Hull,* for appellant.

1.   This is an action to set aside a fraudulent conveyance, and not an action under the statute to quiet title. *Frakes v. Brown,* 2 Blackf. (Ind.), 295. *Middle-*

*ton v. Sinclair*, 5 Cranch C. C., 409. *Gerrish v. Mace*, 9 Gray, Mass., 235. *Kimmel v. M' Right*, 2 Pa. St., 38.

2. The deed from Thomas H. and Rachel L. Hyde to their infant son, Edward B. Hyde, being without consideration, is absolutely void. *Hanson v. Buckner*, 4 Dana (Ky.), 251. *Bogard v. Garley*, 12 Miss., 302. *Young v. White*, 25 Miss., 146. *Eddy v. Baldwin*, 32 Mo., 369. *Crumbaugh v. Kugler*, 2 Ohio St., 374. *Mohawk Bank v. Atwater*, 2 Paige, Ch., 54. *Bayard v. Hoffman*, 4 John. Ch., 452. *Brice v. Meyers*, 5 Ohio, 121.

3. The plaintiff has no remedy at law, a fraudulent conveyance can only be set aside in equity. *Mohawk Bank v. Atwater*, 2 Paige Ch., 54.

4. Thomas H. Hyde, being insolvent, could not give his property to his child, nor convey such title as would be good against an unrecorded mortgage. *Gates v. Boomer*, 17 Wis., 455.

*A. C. Ricketts*, for appellee.

1. The appellant claims title through a mortgage foreclosure sale, and purchase of the premises thereunder. The legal title to the premises at time of bringing the action to foreclose was in the appellee; of this fact the appellant was advised, yet he failed to make the appellee a party to the foreclosure suit. The owner of the legal title was a necessary party, and by the omission to make him a party the appellant acquired no title under his purchase. Nor are the proceedings in the foreclosure suit, and the sheriff's deed in pursuance thereof, admissible as evidence to establish a title. 23 Barb., 88. 3 Ark., 364. 20 Ia., 55 and 158. 15 Ohio St., 509. 11 Cal., 315. 32 Ill., 23. 17 How., 477. 9 Abb. Prac., 61. 23 Cal., 106.

2.   A court of equity can only be resorted to when no adequate remedy at law exists.   The appellee being in adverse possession, he could have been compelled to defend his title in an action of ejectment.   The remedy at law being adequate, a court of equity will not entertain jurisdiction.   16 Wis., 594.   28 Conn., 582.   13 Ill., 201.

LAKE, J.

Does the petition state facts sufficient to constitute a cause of action?   Although it may be true, as contended by the defendant, that the object of its framers was ostensibly to quiet the title obtained through the foreclosure sale, still it does not follow because it is inadequate for this purpose that it is not sufficient for some other kind of relief.

The subject matter of this litigation ought to have been included and settled in the foreclosure suit.   Indeed, the defendant, who is the son of the mortgagor, was made a party to that action, but for some unaccountable reason there was a voluntary dismissal as to him before the entry of the final decree.   However, being the nominal, and perhaps rightful holder of the equity of redemption, by a conveyance obtained prior to the commencement of the foreclosure proceedings, and unaffected by the decree, his interest is necessarily made the subject of an independent suit.

It may be observed, too, that the prayer of this petition is both specific and general.   By the former the plaintiff requests the court to quiet his title by adjudging the conveyance from the mortgagor to the defendant fraudulent and void as to him; and by the latter "such further and other relief in the premises as may be agreeable to equity and good conscience."

The petition shows that the mortgage in question,

Merriman v. Hyde.

although executed and delivered in March, 1872, was not recorded until after the delivery of the deed, under which the defendant holds the premises. But, as against this failure to record his mortgage, it is charged that the conveyance to the defendant from his father was without consideration, and while he was still a minor, and that it was with the fraudulent intent, on the part of the grantor at least, to cheat the plaintiff out of his said security.

Now it is very clear that these allegations, if made good by the proofs, furnish good ground for relief as against the defendant, who holds, at best, the mere equity of redemption by his deed from the mortgagor. A grantee under such circumstances could not take any advantage of the failure to record the mortgage, but his interest, whatever it might be, would be subject to it. In such case we apprehend the proper decree would be to fix a reasonable time within which the defendant could redeem, by paying the amount of the mortgage debt, and, in default of such payment, that he be foreclosed of all right, title, and interest in the premises, as against the plaintiff.

The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

COBB, J., having been of counsel, did not sit.