DANIEL DODGE, APPELLEE, v. THE OMAHA AND SOUTH-WESTERN R. R. CO. ET AL., APPELLANTS.

1. **Parties:** TRANSFER OF PLAINTIFF'S INTEREST PENDENTE LITE. Where an action has been commenced the transfer by the plaintiff of his interest in the subject of the action to another will not prevent the prosecution of the suit to its termination in the name of the original plaintiff.

2. **Railroads:** EMINENT DOMAIN: MORTGAGE ON PROPERTY TAKEN. Where real estate—as a town lot—upon which there is a mortgage duly recorded is taken by a railroad company for right of way purposes in the exercise of its right of eminent domain, and the whole of the lot is taken, the condemnation money being paid to the mortgagor and holder of the legal title, in an action against such railroad company by the mortgagee to foreclose the mortgage, the question as to whether by the condemnation proceedings the railroad company acquired the fee to the property or an easement is not deemed material and is not decided. The whole of the property being taken, the effect upon the mortgagee's security is the same.

3. ——: ——: PARTIES. Where a railroad company, in the exercise of its right of eminent domain, seeks to appropriate private property to its own use for the purpose of right of way, by condemnation and appraisement, all persons having an interest in the property, including mortgagees, should be made parties to the proceeding by proper notice, and if such company fail so to do, and pay the money to a person not entitled thereto, such proceeding and payment are void as to all persons not parties thereto.

4. ——: MORTGAGE: PAYMENT OF CONDEMNATION MONEY. In case of such proceedings to condemn real estate upon which there is a mortgage of record, the condemnation money found due the owner of the land should be applied first to the payment of the amount due upon the mortgage and the remainder to the holder of the legal title. In case such payment is not made or tendered to the mortgagee by proper notice of the proceeding, he is not affected thereby, and may foreclose his mortgage as against the railroad company by proper action.

5. **Mortgage:** FORECLOSURE: PARTIES. The proceeding to foreclose a real estate mortgage is void as to all persons interested in the subject of the suit, who are not parties to the action. There-

fore, if such persons are not made parties another action may be instituted either by or against them for the purpose of determining their rights. If against them it may be by the purchaser of the property sold under the first foreclosure.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*C. J. Greene* and *Marquett & Deweese*, for appellants.

*Redick & Redick*, for appellee.

REESE, J.

The facts in this case, substantially as stated in the abstact, are as follows: On the 17th day of December, 1872, Rollin C. Smith and Wallace R. Bartlett were the owners of lot four in block 232, in the city of Omaha, as originally surveyed and platted; that on said day the said Smith and Bartlett borrowed $1,000 of Daniel Dodge, appellee in this case. On the 6th day of March, 1873, for the purpose securing the payment of said amount, the said Smith and Bartlett executed and delivered a mortgage upon said above described real estate to the said Daniel Dodge, which mortgage was duly recorded March 20th, 1873.

On the 17th day of April, 1873, the Omaha and Southwestern Railroad Company, one of the appellants herein, condemned and appropriated all of said lot for right of way purposes, the said Omaha and Southwestern Railroad Company being a corporation duly organized under the laws of the state of Nebraska.

The railroad company took possession of, and has remained in possession of, the said property ever since.

That on February 23d, 1877, the said appellee, Daniel Dodge, filed his petition in the Douglas county district court against said Bartlett and Mary A. Smith and the administrators of Rollin C. Smith, then dead, setting forth the execution and delivery of said notes and mortgage.

The said railroad company was likewise made a party, but was thereafter dismissed.

A decree was taken against said Bartlett and Mary A. Smith and the administrators of Rollin C. Smith, at the February term of said court, for the sum of $1,276.66, and $51 attorneys' fees.

On May 2nd, 1877, an order of sale was issued out of said court, commanding the sheriff to sell said property in satisfaction of said decree, which order was returned on August 30th thereafter, endorsed, "Property not sold for want of bidders."

Afterwards, to-wit, April 12th, 1878, an alias order of sale was issued, commanding the sheriff of said county to appraise and sell said property in satisfaction of said decree, which alias order was, on the 29th of June, 1878, returned into said court endorsed, being not sold for want of bidders.

On December 1st, 1877, plaintiff filed his petition in said cause, asking that said judgment and first order of sale be set aside, and for leave to file an amended petition, making new parties defendant, to-wit: The Omaha and Southwestern Railroad Company and George C. Hobbey; and on December 1, 1877, it was ordered and adjudged by said court that the decree and order of sale be set aside and leave granted plaintiff as asked for in his petition. In accordance with said order, plaintiff, on January 17, 1878, filed an amended petition in said suit, making said Omaha and Southwestern Railroad Company and said George C. Hobbey parties defendant in said cause.

Afterwards, and on February 13, 1878, said Omaha and Southwestern Railroad Company, by its attorney, filed a motion asking that said order and all thereof be set aside on the ground that the court had no jurisdiction, which said motion was on April 6, 1878, sustained by said court upon the grounds stated and no other, and said order was set aside and dismissed without prejudice as to the Omaha and Southwestern Railroad Company.

Afterwards, to-wit, on November 29, 1880, a third or-
der of sale was issued, directed to the sheriff of said Doug-
las county, commanding him to advertise and sell according
to law the said property in satisfaction of said decree; and
in pursuance of said order, on the 31st day of December,
1880, said property was offered for sale, and sold to appel-
lee herein, who was plaintiff in the foreclosure proceedings,
he being the highest and best bidder therefor, for $2,000,
that amount being not less than two-thirds of the appraised
value of said property. Said sale was duly ratified and
confirmed by said court, and a deed ordered, which was
afterwards duly executed, acknowledged, and delivered,
and was duly filed and recorded in the county clerk's office
of said Douglas county.

On the 10th day of March, 1883, this action was com-
menced. It is alleged in the petition that nothing had
been paid on the notes and mortgage except interest to
December 1874, that no notice of any kind of the condem-
nation proceedings was ever served on plaintiff, although
his mortgage was on record when defendant's petition to
condemn was filed ; and the condemnation money was paid
into court and drawn out by the mortgagors. The prayer
of the petition is a foreclosure of his mortgage as against
the defendant railroad company. On the 30th day of March,
1883—after the commencement of this suit—plaintiff exe-
cuted to John A. Dodge a power of attorney authorizing
him to execute a quit-claim deed therefor. On the 18th
day of April, 1883, said John Dodge executed a quit-claim
deed to John I. Redick, said deed containing the following
in addition to the usual recitals : " And also our right,
title of the proceeds touching said lot, notes, and mortgage,
the said Redick to litigate said suit out of his own ex-
penses." On the 11th of April, 1885, a decree was entered
finding for the plaintiff, and that there was due on the
mortgage the sum of $2,215, and decreeing it a first lien
on said property, prior to any rights of defendant, and

ordering the property sold. Defendant appeals to this court.

It is claimed by appellant that plaintiff is not the real party in interest, and that this suit cannot be maintained by him, the real party being John I. Redick. Upon this question the evidence is that the suit was commenced before the execution of the deed to Redick, and he testifies in substance that at that time he had no interest in the property. That the date of the deed—the 18th day of April, 1873—was the date of the transaction. This testimony is not directly disputed or contradicted. A letter from plaintiff, written at his home in New York, dated March 19, 1883, to his brother in Omaha, who seems to have had charge of the matter at the time the suit was instituted, indicates quite clearly that plaintiff did not then know that the suit had been actually commenced; but there is no disaffirmance of the act of his brother shown after he had knowledge of what was done, and we must presume he affirmed it. The purchase of the interest of the plaintiff in the subject of the action would not prevent the prosecution of this suit to its termination in the name of the original plaintiff. Civil Code, Sec. 45. *Magenau & Co. v. Bell*, 13 Neb., 247.

The question as to the character of the title or right acquired by defendant—whether the fee or an easement—is, I think, unimportant in this case, as the result so far as the effect upon the property and the rights of plaintiff are concerned, would be substantially the same in either event; as, if the fee, the whole title of the mortgagor is transferred to defendant, and plaintiff's security destroyed—if affected at all—and, if an easement only, the whole of the mortgaged property has been occupied, and there is nothing remaining upon which the mortgage could operate with any effect. Believing the question to be an immaterial one in this cause, we express no opinion upon it.

The remaining questions are: Did the condemnation by

defendant of the lot in question as the property of Smith, the mortgagor—without notice to plaintiff, whose rights were of record, and of which defendant had constructive notice—and the payment of the condemnation money into court to be paid to Smith, divest plaintiff of his security, or rather of his right upon foreclosure to give possession of the property upon sale? and, if not, has his foreclosure of the mortgage and purchase of the property for a sum more than the amount of his decree, cancelled his demand and left him without a remedy?

Upon the first proposition we think the proceeding to condemn, being as it was without notice to plaintiff and, as he testifies, without his knowledge, could not affect his rights in the premises.

In Jones on Mortgages, section 708, it is said: "When the mortgaged property has been turned into money, or a claim for money in any way, as, for instance, by the taking of the property for public uses, or for the use of a corporation under authority of law, the rights of the mortgagee remain unaltered, and he is entitled to have the money in place of the land applied to the payment of his claim. Thus, if a street be laid out through land subject to a mortgage, although the damages be assessed to the mortgagor, the mortgagee is entitled to them as an equivalent for the land taken for the street." And thus the " damages awarded to a mortgagor for the right of way or other public improvement become a substitute for the premises taken, and the mortgage is a specific lien upon the fund." See also, *Brown v. Stewart,* 1 Md., Ch. 87. *Platt v. Bright,* 31 N. J. Eq., 81, and cases cited. Rorer on Railroads, 258.

By section ninety-five, *et seq.,* chapter 16, Compiled Statutes, it is provided in substance, among other things, that a railroad company may purchase real estate for its right of way; but if the owner refuses to grant the right of way, it may be taken and the value ascertained in the manner provided. This step can only be taken after ten days'

notice in writing to the owner. The company may pay to the county judge, for the use of the owner, the money found due by the commissioners appointed to ascertain the amount.

In *Gerrard v. R. R. Co.*, 14 Neb., 270, it is decided that the word " owner," as used in this statute, applies to any person having an interest in the estate.

Plaintiff not having been notified of the condemnation proceedings, his interest was not affected in any way thereby. *Pratt v. Bright, supra,* and cases there cited. *State Nat. Ry. Co. Pros., v. E. & A. R. R. Co.,* 36 N. J. Law, 181. *Wilson v. R. R. Co.,* 67 Me., 358.

By the statute above referred to, it is within the power of a railroad company to designate the owner of the real estate to be condemned to its use, and this designation by it is virtually notice to the county judge, with whom it deposits the money, to pay it out to the person named by it. The responsibility of making all persons entitled to the fund parties to the action rests with it, and it acts at its own peril when it fails to make interested persons, whose interests are shown by record, parties to the proceeding, in order that they may assert their right to the fund paid in. The right of eminent domain, or paramount ownership, is the exercise of the sovereign power of the state in the name of the corporation by whom the right is invoked. The constitution provides that " the property of no person shall be taken or damaged for public use without just compensation therefor." If mortgaged property can be literally destroyed, as in this case, without notice to the mortgagee, or any compensation to him, then the provision of the constitution above quoted would be without practical force, and would remain only in theory. This is not answered by the suggestion that the fee to the lot remains, upon which the mortgage can operate; for even if this be true, the fee is wholly worthless so far as present uses are concerned—the whole lot having been taken—and it would require a high degree of faith to enable one to look forward to the closing up of

the corporate existence of the railroad company, and the abandonment of its franchise, in the hope of enjoying the reversion. The principle contended for would apply in a case where the condemnation proceedings only covered a part of the real estate mortgaged; for in that case it would doubtless be the duty of the mortgagee to exhaust the remainder of the land before interfering with the right of way, but we think it would only apply in such a case.

By the record we are informed that defendant was not originally made a party to the foreclosure proceedings instituted by plaintiff, but after the second order of sale had been issued and returned, a petition was filed by plaintiff asking that the decree be set aside and he be allowed to amend his petition making new parties to the action. This was done, and the Omaha & Southwestern Railroad Company (defendant herein) was made a defendant. Subsequently it filed a motion to set aside the order vacating the decree, upon the ground that the court had no power nor jurisdiction to make the order. This motion was sustained, and the decree reinstated, the suit against defendant being dismissed without prejudice. It may therefore be said that defendant was in no sense a party to the foreclosure proceedings, and none of its rights have been affected by them, and the relation between it and plaintiff has not been changed unless by the purchase of the property by plaintiff.

It is the well settled law of this state, both by statute and by adjudication, that in a foreclosure proceeding the purchaser at a judicial sale, upon foreclosure of a mortgage, acquires the title of all the parties to the suit. Section 853, Civil Code. *Young v. Brand*, 15 Neb., 601. And we take it to be equally well settled that the rights of all persons not parties are wholly unaffected thereby. Therefore the foreclosure of the mortgage, terminating in the sale, could only affect the rights of the parties to the action. The purchase of the property by plaintiff was only the

purchase of the title of the mortgagor at the time of the execution of the mortgage, and his right to redeem (*Bank v. Wilson,* 4 Gilman, Ills., 61), leaving unaffected the after-acquired rights of defendant. Nor would the rights of the parties be changed by the fact of the amount of the bid by plaintiff being greater than that of his decree, since the money was not paid, and the purchase only had the effect of completing the foreclosure of the rights of the mortgagor. Therefore this action was properly brought, the defendant being a proper party to the foreclosure proceedings. *Merriman v. Hyde,* 9 Neb., 113. *Shirk v. Andrews,* 92 Ind., 509. *Curtis v. Gooding,* 99 Id., 45. *Bennett v. Gilman,* 4 Paige, 57. *McKinstry v. Mervin,* 3 Johnson's Ch., 465. *Welts v. Pierce,* 42 N. Y., 102. *Kennedy v. M. & St. P. R. R. Co.,* 22 Wis., 554.

There is no complaint as to the amount named in the decree as due plaintiff. Whether it should be the condemnation money with lawful interest from the date of its wrongful payment to the mortgagor, or the amount due on plaintiff's mortgage. That question is therefore not considered.

The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.