Opinion op tiIe Court.
TliIS writ of efipT is prosecuted by Luckett to re-verse a judgment recovered against him by Dunn and B.ass, in an action of ejeptment, which was brought'-by him against them in the circuit, court,,©f-Jefferson.
The object’ of Luckett, in bringing the ejeijfmffi&'t in the circuit court, was tp ¿btain the possession of a lot of.i^-ound in the toym of Louisville, the tit]e,f¡vh(?rebfis assorted by him through the trustees of thé ioKStf.
The defendant rely upon tlfeir adverse possession, and on the ’trial in the circuit epurt, proved;,that they ■fkhd others ,^ider whom>,thQ.y, cl$fe, h|?ve held l^tc adverse possession of tjie I$t for ábout' twenty-ñve years beforé the'commencement of the ejectment ¡by Luckett; and after introducing; add .reading incidence to the jury, a deed from the trustees of th'e*^w-^,to Buckner Pittman, bearing date the 4th of September 17 83, a deed from Pittman to James Noble Wood, bearing date the 8fh of February 1810, and a deed from Wood to Luck-ett, bearing date in 1^12; and after proving that' Buclc-nej Pittman, to v^honiJthe trustees conveyed the lot, left this country in 1785, and held been absent ever since, Luqkettspaoved th^coupt to instruct the j pry, that if they,believétí BhcknSf JNttman left this’ country in 3 785, or before the defendants and those through whom they claim possession of the lot in question, took the possession, and ha4 remaihed* absent ever siñíe, that in thatfease twenty years’ adverse possession on the part of the defendants and those through whoih they claim, before the institution of this suit, was no bar to his action; but the court refused to give the instruction, and overruled the motion.
*219 •We apprehend the, court was correct in refusing to give the instaction to the jury. Were it npt for the act of 22cbjJWúary 181,4, we should not concur in the decisioñ gwen by that court. Prior to the passage of that act, although there should be twenty years’ adverse possession to a right of entry, the person having therighft if absent from the country when the adverse possession was.jtaken, might assert his right, either<fcy entry&pon tKeland, or by prosecuting an ejectment to recover the possession thereof, at any time within ten years after coming to the country; and the instructions which were asked- in this case to be given to the jury, were hypothecated upon the fact of Buckner Pittman, uaf&ef^vtbom Luckett-'elaims by a conveyance from him to Wood, made less than ten years before the commencement of his action, being absent at the Sme the advefie possession relied on by the defendants was first-obtained, and never having since returned to this cogn- ' try.,,## t S'
But me privilege-previously allowed to persons who might be out of the country when their cause of action or right "of entry accrued, to maintain their action, withipyten years after their return, was expressly re-iv peajed bythe first section of the act of January! 814 which, by a subsequent clause in the third section 'of the same act, was to. take effect af-fthe e&piratiouof six months from its passage. (See 2 Dig. L. K. 866.) And it was not until more than a year after the passage of that act, that this suit was brought by LuckeJttf circuit court. It is obvious, therefore, that tb j j of Buckner Pittman cannot have prevented which had elapsed since the lot had been held adverSly* by the defendants and those through whom they claim, from barring the plaintiff’s action; aiu|;the court was consequently correct in so deciding.
The judgment must be affirmed with costs.