mere *prima facie* evidence of the facts which it recites. The case at bar is not an exception to the rule. *Gregg* v. *Strange*, 3 Ind. 366; 1 Ph. Ev., 4 Am. Ed., p. 521, note 146; 2 *id.* p. 363, note 383.

Other questions are raised in the appellants brief; but they involve points which do not appear to have been presented in any form, to the consideration of the Court below, and will not therefore, be noticed in this Court. The finding is, in our opinion, right on the evidence, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs, and 3 per cent. damages.

*A. W. Hubbard,* and *L. & W. O. Sexton,* for the appellants.
*Clark & Hackleman,* for the appellees.

---

WOODRUFF *et al.* v. GARNOR.

EJECTMENT.—In actions to recover the possession of real estate, all defenses are admissible under the general issue.

APPEAL from the *Union* Circuit Court.

*Per Curiam.*—Suit to recover possession of real estate of which the plaintiff claimed to be the owner in fee-simple. In such action, all defenses are admissible under the general denial. The suit was commenced in *October,* 1860, in *Franklin* county, where the land in question is situate, and was first tried in that county in *February,* 1861. The jury failed to agree. Afterwards a change of venue was taken to *Union* county, where the cause was tried, in the latter part of 1861, and a verdict returned for the plaintiff. The defendant paid

the costs and took a new trial. The new trial was had at the spring term, 1862, on the 28th of *February*, and resulted in a second verdict for the plaintiff.

Before going into this trial, the defendant applied for a continuance of the cause upon an affidavit of the absence of two witnesses, who would testify to certain matters stated. The Court refused the continuance, and we think the judgment should be reversed for that reason.

The judgment is reversed, with costs. Cause remanded.

*H. C. Hanna, John M. Johnston, George Holland,* and *C. C. Binkley,* for the appellants.

*W. Morrow* and *N. Trusler,* for the appellee.

---

SHRYER *v.* MINER *et al.*

JURISDICTION.—If an action is instituted in one county against a resident thereof and residents of other counties, and before its final determination, such action is dismissed by the plaintiff as to the party who resided in the county of the former, prosecuted only against the non-resident parties, such parties may, after such dismissal, plead and prove, in order to defeat the jurisdiction of the Court over them, that at the time of the commencement of the action the plaintiff well knew that such parties were residents of other counties, and that, for the purpose of giving the Court, in which the action was pending, jurisdiction of the cause, the plaintiff fraudulently joined in the action the parties who were residents of said county, for the purpose of compelling the said non-residents to submit to a trial away from their own counties.

APPEAL from the *Vigo* Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs, brought