Spencer v. McBride.

SAMUEL A. SPENCER, APPELLANT, VS. SARAH F. McBRIDE, APPELLEE.

| 14 | 403 |
| 32 | 460 |
| 14 | 403 |
| 33 | 530 |
| 14 | 403 |
| 53 | 339 |
| 54 | 465 |

1. Statues upon the same subject matter must be construed together. A statute repealing another statute on the same subject, and prescribing a new rule, is designed to remedy the evils consequent upon the enactment of the statute which it repeals, and where the nature of the evil to be remedied and the remedy conceived by the Legislature are plain, the statute must be so construed as to advance the remedy and repress the evil.

2. Under the first and tenth sections of the act of February 27, 1872, the Legislature prescribed a limitation to an action upon a promissory note of five years from the date of the accrual of the action. Under the 19th section, " all actions not heretofore barred by statute " were excepted from the operation of the limitation until six months after its approval. The words " not heretofore barred by statute " con-

strued. The effect of the enactment was to fix a limitation of six months in such cases.

3. Where a statute of limitations prescribes the time within which a suit shall be brought, and a part of the time has elapsed, effect may be given to the act, and the time yet to run being a reasonable part of the whole time, will be considered the limitation in the mind of the Legislature in such cases. Under the circumstances of this case, six months held to be a reasonable time.

Appeal from the Fourth Judicial Circuit for Duval county.

A statement of the case is contained in the opinion of the court.

*Ives & Dawkins* for Appellant.

It was held by this court, January term, 1872, Hart vs. Bostwick, 14 Fla. 181–2, that the act of December 13, 1861, suspended the pre-existing statute of limitations, and in effect that at that time, January, 1872, there was no statute of this State limiting the time for the commencement of civil actions, and the defendant rested his plea in bar upon the 19th section of the act approved Feb'y 27, 1872, which reads as follows:

" All actions not heretofore barred by statute or that will be barred within sixty days from the passage hereof, shall not be affected by limitations of this act until six months from the date of the approval hereof."

The whole law, of which the above section is a part, having been enacted when no statute of limitations existed, seems to contemplate only actions arising in future, save clause in parenthesis in the first section of the act, and the said 19th section.

The first section reads thus :

" Civil actions can only be commenced within the periods prescribed in this act, after the cause of action *shall have accrued*, (except where a different limitation is prescribed by statute.")

What statute is alluded to by the exception is difficult to

conceive, but it was certainly intended to refer to some statute existing at the time of the passage of this law, such as the statute of non-claim, else it would have been otherwise expressed.

From that clause, taken in connection with section 19, it may be inferred by implication merely that the Legislature intended that the limitations prescribed in this act as to actions arising thereafter, should also be applicable to then existing causes of action commencing six months after its approval, say August 27, 1872, and if that was the intention of the Legislature, which we think is the only rational and reasonable interpretation of the law, the courts are open for the collection of this and all similar claims for five years from and after the 27th of August, 1872, and therefore the appellant's claim could not be considered barred until 27th August, 1877.

It will be observed that the act under consideration, section 19, does not say substantially, or in express words, "that all actions not heretofore barred by statute shall be forever barred, if not sued within six months after approved, &c.," but says they "shall not be affected by the limitation of this act, &c." The limitation of this act upon this class of claims (section 10) is five years. Now, the question is, when does that five years begin? Such period surely did not begin prior to the passage of the act Feb'y 27, 1872, without operating retrospectively, and if it began six months after the approval of the act, the appellant still has his day in court. If the law be construed to operate retrospectively, then indulgent and humane creditors are taken by surprise at the passage of a law giving them only six months to sue, and locked up in the secret avenues of government until the doors of the courts are closed against them, for it was about that length of time and perhaps longer before the law was authoritatively published, and it would seem that such a construction would impugn the motive of the Legislature.

The courts will construe legislative enactments in accord-ance with established principles of law and the common principles of justice. Bradford vs. Shine, 13 Fla., 409, 410, 411.

Positive enactments are not to be construed as interfering with previously existing contracts, rights of action or suits, unless the intent thus to interfere be expressed in the enact-ment. Butler vs. Palmer, 1 Hill, 325.

All laws are presumed to be prospective, and not retro-spective. Dash vs. Van Kleeck, 7 Johns, 485.

An act of the Legislature ought never to be so construed as to do injustice, such as giving a retrospective operation to this law. Ibid, 494.

The act under consideration establishes a new rule of law, and as such, ought not to have a retrospective opera-tion, unless so declared in the most unequivocal manner, which it certainly is not. Ibid, 496.

It is a principle in the English common law, as ancient as the law itself, that a statute, even of its omnipotent par-liament, is *not* to have a retrospective effect. Ibid, marginal p., 502 to 503, and so in this country. Watkins vs. Haight, 18 Johns, 139; 1 Kent, 455 and references.

All limitation laws must proceed on the theory that the party, by lapse of time and omissions on his part, has for-feited his right to assert his title in the law. Cooley's Con. Lim., 365, 366, and references.

And they must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statute could not bar the existing right of claimants with-out affording this opportunity. If it should attempt to do so, it would be not a statute of limitations but an unlawful at-tempt to extinguish rights arbitrarily, whatever might be the purport of its provisions. It is essential that such statues allow a reasonable time after they take effect for the commencement of suits upon existing causes of action. Call vs. Hayne, 8 Mass., 428, 429.

Statutes are not to be construed as to take away any vested right previously acquired under a former statute, if it will admit of any other construction. Smith vs. Morrison, 22 Pick., 432.

Remedial statutes are to receive a liberal construction, and the meaning must be determined by their language.— Ibid, 433.

It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively. Dash vs. Van Kleeck, 7 Johns, 477.

Statutes of limitation are to be liberally construed in behalf of creditors. Hunt, adm'r, vs. Adams, 7 Mass., 518.

A part of a period of limitation which has elapsed in one State cannot be united with the time that has elapsed in this State to complete a bar. Perry vs. Lewis, 6 Fla., 555, from which it may be held by parity of reasoning that a part of the period of prescription which run under the old statute of limitation of this State, prior to the suspending statute of December, 1861, cannot be united with any newly prescribed period, in order to complete a summary bar to a right of action. And even if such lapping over should be allowed, it would not amount to a bar in this case, for the old statutory prescription had run less than one year, leaving more than *four years to be spliced on by the new law.*

What mean the several phrases of the section 19, act of 1872, and the section taken all together, and the whole law? Section 19 is too vague, uncertain and unintelligible to operate as a retrospective law, even if it is a statute of limitations.

*J. W. Malone,* (with whom were *Papy & Raney,*) for Appellee.

The act of limitations, approved Feb'y 27, 1872, bars the action in this case, because it accrued more than five years previous to its passage, and the plaintiff did not avail him-

self of the provisions of the 19th section which extended the time to six months after its passage. The first section enacts that "civil actions can only be commenced within the period prescribed in this act after the cause of action shall have *accrued*, (except when a different limitation is prescribed by statute.") The tenth section prescribes that "action must be commenced within five years upon any contract, obligation or liability founded upon an instrument of writing not under seal." If there was nothing more in the statute, it might be well insisted that the Legislature did not intend that the act should operate upon past contracts, because if the action accrued more than the period of limitation fixed by the law, it would effectually bar the action and the holder of the instrument would not have his day in court. This would subject the act to the constitutional denunciation against its validity. On the other hand if the act was intended to apply to the future only, all that class of actions referred to in the 19th section of the act would be without any limitation at all. But the 19th section expresses the legislative intent that the act shall apply as well to the past as to future contracts, for it declares that "all actions not heretofore barred by statute, or that will be barred within sixty days from the passage hereof, shall not be affected by limitations of this act until six months from the date of the approval hereof."

There being no act of limitations before the passage of the law in question, the action on this contract was not barred. But the terms of the first section of the present law, rigidly applied, would have been a bar to the suit from the date of the act. As this application, for the reason stated, would have rendered the act unconstitutional, the saving is provided for in the 19th section which excepts the action in this case from the application of the act, if it be brought within six months after its passage. As to the class of cases referred to in the 19th section, it may be said that this section is a special statute of limitation. It is within

the constitutional power of the Legislature to limit the time of bringing actions in causes of action already accrued to a certain period from the time of the passage of the act.— Pease vs. Patton, 7 B. Mon., 162. It follows that as the cause of action in this case was not barred at the date of the act, because there was no statute to bar it, and as by the terms and operation of the first and tenth sections of the act we are considerings the action would have been barred because more than five years had elapsed from the time of the cause of action accrued, this case comes within the operation of the 19th section, which extends the time to six months after the passage of the act, and as this suit was not brought before the expiration of the six months, the statute became a complete bar.

WESTCOTT, J., delivered the opinion of the Court.

Samuel A. Spencer, the payee, brought an action against Sarah F. McBride, one of the makers of the following joint and several promissory note :

"QUINCY, FLA., June 30, 1861.

"$1,463.06.

"One day after date, we or either of us promise to pay S. A. Spencer or order one thousand four hundred and sixty-three dollars and six cents, with eight per cent. interest per annum, from date until paid, for value received.

"SOPHIA McBRIDE,

"S. F. McBRIDE."

The defendant answered "that the said cause of action or promissory note did not accrue to the plaintiff at any time within five years next before the commencement of the action." To this answer a demurrer is interposed on the ground of "insufficiency in not stating facts sufficient to constitute a defence." There was final judgment for the defendant upon the demurrer. Plaintiff excepted and upon appeal assigns this judgment for error.

On the 13th December, A. D. 1861, an act was approved

by which it was enacted "that the statute of limitations now in force in this State in relation to civil actions of every description, be and the same are hereby suspended and shall have no operation or effect so long as this act may continue in force and unrepealed, reserving all rights and defences under the existing statutes of limitation; *provided, however*, that nothing in this act shall be construed so as to prevent any defendant from pleading said statute or statutes of limitation in any cause wherein the same shall have run before the passage of this act."

This act suspended all limitation as to actions not then barred until it was repealed, and actions barred by existing limitations still remained so. Two classes of cases were therefore embraced in this statute: those in which the limitation had not run, and those in which the bar was complete. This statute remained in force until expressly repealed by the act of Feb'y 27, 1872. The first section of the repealing act provides that "civil actions can only be commenced within the periods prescribed in this act after the cause of action shall have accrued, (except where a different limitation is prescribed by statute.") The 19th section provides "that all actions not heretofore barred by statute or that will be barred within sixty days from the passage hereof, shall not be affected by the limitations of this act until six months from the date of the approval hereof." Under the 10th section of this act, the limitation for an action of this kind is fixed at five years. The cause of action accrued in this case in the month of June, A. D. 1861. This action was brought in the month of February, A. D. 1873, *over eleven months after the approval of the act of February 27, 1872.*

Two questions are thus presented for our consideration: Is this action barred by the act of February 27, 1872? Is it within the power of the State thus to limit this action? These statutes are in reference to the same subject matter, limitations, and must be construed togeth-

er. The object of the last must be ascertained by reference to the effect of the first. The conception of the last originated in the intention and desire of the Legislature to remedy the evils following the continued and then present enforcement of the first. The first statute was enacted during an exhaustive war to meet the exigencies of that occasion, and was not adapted to a state of peace and active commercial intercourse. It was the purpose of the Legislature by this last act *to prescribe limitations for all actions to be commenced after the passage of this act, embracing such rights of action as had accrued in the past as well as those that would accrue in the future.* The effect of the first and tenth sections of this act, considered without reference to the 19th section, was therefore to prescribe a limitation of five years to all actions upon a contract founded upon an instrument of writing not under seal, and the period of five years was to be calculated from the time " the cause of action accrued." It made no difference under the sections whether the cause of action had accrued before its enactment or would accrue afterwards, because in either case the time fixed at which the estimate was to commence was the *accrual of the right of action*; nor did it make any difference that the computation thus made embraced a part of the time during which the limitation had been suspended by the previous statute, because the time fixed was arbitrary, and without exception the date of the accrual of the action. If these two sections can receive any other construction consistent with the intention of the Legislature, which was to prescribe a limitation *for all actions to be commenced in future*, we are unable to perceive it. The proposition that the act relates only to *rights of action* to accrue in the future is in conflict with the express letter of the statute and the manifest intention of the Legislature. It would make the statute perpetuate in part the very evil it was conceived to remedy. It is too clear for argument that if the limitation thus enacted refers only *to rights of action that*

*are to accrue in future,* then all rights of action *that have accrued in the past* are without a limitation under this act, and the suspending statute of 1861 is still in force as to them.

Accepting this, therefore, as the correct construction of these two sections, it only remains to consider the 19th section. That section is in the following words : " All actions not heretofore barred by statute, or that will be barred within sixty days from the passage hereof, shall not be affected by limitations of this act until six months from the date of the approval hereof." It is clear that the purpose of this section is to create an exception to the operation and effect of the general rule of limitation previously prescribed by sections one and ten, as it expressly provides that certain actions *shall not be affected by the limitations of this act until six months after its approval.* The necessary effect of this is that after six months has elapsed, then the limitations of this act will affect and control such actions. This proposition is self evident. These actions are excepted from the operation of these limitations, and the suspension of the limitation as to them continues for six months after the approval of this act, and when that time expires the limitation becomes operative. Is this action one of the particular actions not to be thus affected until the expiration of six months ? If it is an action not heretofore barred by statute or that will be barred within sixty days from the passage of this act, then it is plain that it is such an action. The term statute here means any and all statutes of limitation embracing both the antecedent and present statute. If any action was barred anterior to the suspension act of 1861, then by virtue of this antecedent statute, which was then in force, it is still barred. If it was not barred at that time, or if it is barred now under this statute, or if it would be barred within sixty days from the passage of this act by its terms, then the limitation of this act shall not operate until six months has elapsed. Applying the law as thus con-

strued to this action, the result is that it was barred after six months elapsed from the approval of this act. This period had elapsed before this action was brought, and the only question remaining is: Was it within the power of the Legislature thus to limit this action? The general power of the Legislature over the subject of limitation of actions is too well settled to admit of question. It is also well settled that statutes of this character apply to rights of action existing at the time of their passage, provided a reasonable time is left after the passage of the act for the party to exercise the right before it would operate as a bar. In Ross vs. Duval, 13 Pet., the Supreme Court of the United States use this language: "It is a sound principle that where a statute of limitations prescribes the time within which suit shall be brought, or an act done, and a part of the time has elapsed, effect may be given to the act, and the time yet to run being a reasonable part of the whole time, will be considered the limitation in the mind of the Legislature in such cases." In this case, therefore, the limitation in the mind of the Lsgislature was six months after the passage of the act. In view of the authorities upon the question of reasonable time in such cases, we cannot set aside the exercise of this legislative discretion.

There is but one ground upon which it can be assailed, and that is that it impairs the obligation of the contract.— If this act had attempted to take away the right of action entirely, that would be a different matter, but as it gives six months in which to assert it and as the time is a matter of legislative discretion or power, it must stand. The precise limitation of six months was sustained by the Supreme Court of Kentucky in Luckett vs. Dun & Bass, 3 Litt. 219, and in Smith vs. Packard, 12 Wis. 371, the limit of nine months was deemed reasonable. See also 4 Texas, 470; 1 Cart., (Ind.) 56; 3 Foster, (N. H.) 376; 22 Pick., 430; 1 Hill, 324.

Judgment affirmed.