The Chief Justice
delivered the opinion of the court.
This cause was heard below before a referee in Duval county.
John P. Sanderson died June 29, 1871. Letters of administration were issued to appellants November 7, 1871. This action was assumpsit, commenced by summons in August, 1876, upon an itemized account for goods sold, the last item of which is dated January 9, 1868.
There was a declaration filed, to which several pleas were pleaded by defendants, after which the declaration was amended, to which the same matters, in other form, were pleaded by defendants.
The first plea was a general denial of indebtedness, upon which plaintiff took issue. Six additional pleas were filed, to all of which plaintiff demurred (except the sixth plea), and the demurrers sustained. The "sixth plea” does not appear to have been disposed of, as far as can be discovered.
Defendants afterwards filed two additional pleas, numbered eight and nine.
The 8th plea alleged that Mr. Sanderson died June 29, 1871, before the expiration of four years after the cause of action accrued; that letters of administration were issued November 7, 1871; that this suit was not commenced within four years after the cause of action accrued, nor within one year after the letters were issued, nor within six months after the approval of the Act of Limitations of February 7, 1872.
The 9th plea set forth the date of the accruing of the cause of action, the death of Sanderson, the issuing of letters November 7, 1871, and that the suit was not commenced within four years after the letters of administration were issued.
The plaintiff demurred to these pleas: 1, for duplicity; 2, the statute does not bar the action against defendants as administrators or as trustees; 3, the Act of Limitations, of February 27, 1872, does not apply to this action; 4, the statute of non-claim was the only 'statute of limitation in force.
The referee sustained the demurrer, and the cause being submitted, judgment was rendered for plaintiff, which was recorded in the Circuit Court, and the defendants appealed.
The appellants assign for error the judgment sustaining the demurrer, and overruling the eighth and ninth pleas.
The act of February 27, 1872, limiting the time for commencing civil suits, provides, in section 10, that actions “for any article charged in a store account shall not be barred until four years,” and must be commenced within that time after the cause of' action shall have accrued. Counsel agree that this is a suit upon a “store account.”
Section 15 provides a limitation of the time for commencing actions by and against executors and administrators, and that “if a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or ad *126 ministrators after the expiration of that time, and- within one year after the issuing of letters testamentary or of administration?’ By section 19, all actions not barred by statute before the approval of the act, are not affected by the limitations of the act until six months after its approval.
It was urged on the argument, for appellees, that the general statutes of limitation did not apply to the circumstances of this case because of the operation of the “statute of non-claim?’ It must be remarked, however, that there is no allegation in the declaration, and no admission in the eighth and ninth pleas, that the claim had been “presented” to the administrators otherwise than by the commencement of this suit. If it was intended to present this question, some facts should have been 'stated in the pleadings upon which the point can arise. The point stated by counsel is, that after a claim is presented to the administrator, the latter, having the assets in charge, is a trustee as to all persons entitled to any share or payment out of such assets. But there is nothing here informing us that this claim has ever been so presented. The statute of non-claim, therefore, does not enter into this case.
The cause of action accrued in 1868. Sanderson died in 1871, and letters were issued in November of that year. The cause of action was not barred at the date of the act of 1872, because there was no statute limiting the time for commencing suit then in existence. As to all classes of action not barred^ but which would be barred by the terms of •the act of 1872, the time for bringing suit was limited to six months after its passage and approval, to-wit: by August 27, 1872. '
This was held by the court in Spencer vs. McBride, 14 Fla., 403.
This suit was commenced in August, 1876, and it is obvious that it was not commenced until long after the statutory period of limitation, more than four years and six months after the cause of action had accrued having elapsed, and no intervening disability affecting the question.
The pleas do not appear to be liable to demurrer for duplicity. Both show 'that the suit was not commenced within the time limited by law. Prolixity or superfluity of statement does not necessarily render the pleas double.
The referee erred in sustaining the demurrer to the 8th and 9th pleas to the declaration, and the judgment must be reversed with otosts.
Note. — Mr. Justice Westcott did not sit at thé hearing of this cause.