Mr. Justice Westcott
delivered the opinion of the court.
This was an action of ejectment brought by the appellants against the appellee in the Circuit Court of the Seventh Judicial Circuit for Orange county. Plaintiffs, Matilda' Wade and others, filed their amended declaration on the 26th of September, A. D. 1878, a summons under the original declaration being served on the 26th day of September, A. D. 1878.
To the declaration the defendant pleaded:
1. The general issue, not guilty.
2. “That neither the plaintiffs, nor their ancestor, predecessor or grantor was seized or possessed of the premises in question within seven years before the commencement of this action.”
3. “That neither the plaintiffs, nor their ancestor, predecessor or grantor was seized or possessed of the premises in question within seven years before the accruing of the right of action in respect to which such action is prosecuted.”
The plaintiffs took issue upon the first plea.
To the second plea they replied “that their ancestor and predecessor was seized and possessed of the premises de-, scribed in the declaration within twenty years next before the commencement of this action, and that on the 27th day of February,*A. D. 1872, no statute of limitations had barred the plaintiffs’ right of action; nor had any statute of limitations barred the plaintiffs’ right of action within sixty days from the 27th day of February, A. D. 1872, and that their said action was commenced within seven years from the expiration of the said sixty days after the said 27th day of February, A. D. 1872, and this the plaintiffs are ready to verify.-”
To the third plea the plaintiffs replied “that their ancestor and predecessor was seized and possessed of the premises within twenty years next before the accruing of the cause of action, in respect to which plaintiffs said action is applicable, and that on the 27th day of February, A. D. 1872, no statute of limitations had barred the accruing of plaintiffs said right of action; nor had any statute of limitations barred the accruing of the plaintiffs said right of action within sixty days from the 27th day of February, A. D. 1872, and that plaintiffs said right of action did accrue within seven years from the expiration of the said sixty days from the said 27th day of February, A. D. 1872, and this the plaintiffs are ready to verify.”
For further reply to said second and third pleas the plaintiffs said “that their ancestor and predecessor, the said James Weeks, died in the year 1865; that the plaintiffs were then, and at the time of the decease of their said ancestor and predecessors, minors, under the age of twenty-one years; and that they, the plaintiffs, became of lawful age, and attained the age of twenty-one years, within seven years next before the commencement of this action, and this the plaintiffs are ready to verify.”
There was a demurrer to the replication to the second plea, the grounds of demurrer being that the period of twenty years is not, and the period of seven years is, the time prescribed as the limitation to this action; that the plaintiffs are not relieved from the force and effect of the statutory bar, as pleaded by the defendant, because their right of action was not barred on the 27th day of February, 1872, or within sixty days thereafter; that there is *138 no law or rule of limitation of force in this State, which fixes or prescribes the date traversed in said replication, to-wit: the expiration of sixty days from the 27th day of February, A. D. 1872, as a period from which the statutory bar of seven years shall commence to run; that the replication neither traversed nor confessed and avoided the plea.
The plea here is framed in the language of the act of February 27, 1872. Chapter 1869, Laws.
This is the statute of limitations now in force, and seven years is the limitation under this statute. So much of the replication, therefore, as sets up a limitation of twenty years is no reply .to the plea. Nor is it any reply to say that on the 27th day of February, A. D. 1872, no statute of limitations had barred the plaintiff’s right of action. The question here is, is the right of action barred now, and whether it was barred on the 27th day of February, A. D. 1872, or not, is immaterial. Nor is it material whether any statute had barred the plaintiff’s right of action within sixty days from the 27th day of February, A. D. 1872.
The remaining part of this replication is an allegation that this action was commenced within seven years from the expiration of sixty days after the 27th day of February, A. D. 1872. No such limitation is prescribed by the act of 1872.
We had occasion, in the case of Spencer vs. McBride, 14 Fla., 403, to examine this statute and to construe the 19th section thereof. That section does not fix a limitation of seven years after the expiration of sixty days from the date of the passage of the act. The statute provides that no sucb action as this should be maintained unless it appear that the plaintiff, his ancestor, predecessor, or grantor was seized or possessed of the premises within seven years before the commencement of the action. If, however, the limitation fixed by this statute, that is seven years, had expired at the date of its passage, or would expire within sixty days from its passage, then six months from the 27th February, 1872, was the limitation fixed. That is to say, that in these two classes of cases the 27th of August, A. D. 1872, was the date at which the remedy was barred. This action was brought long after the expiration of that period, and therefore the 19th section of this statute cannot and does not affect it, and the plea of seven years as pleaded is good. For that plea is a good plea in all cases except 'those embraced in the 19th section, and the antecedent pleadings and proceedings herein, which are reached by the demurrer, show that this action was instituted in the month of September, A. D. 1878.
What is here stated disposes of the replication to the third plea, to which replication there was a demurrer. It is based upon the same erroneous construction of the 19th section of the act of 1872. The third plea here is framed under the third section of the act of 1872. Under this section, except in cases of title derived from the State or the United States, the plaintiff, his ancestor, predecessor, or grantor must have been seized or possessed of the premises within seven years before the accruing of the right of action in respect to which the action is prosecuted, and the replication neither confesses and avoids nor traverses the plea, and what is alleged is no reply to the plea.
To the additional replication to the second and third pleas there was a demurrer. The facts here set up by plaintiffs are, that their ancestor and predecessor died in the year 1865; that they were, at the time of his death, minors, under the age of twenty-one years, and that they attained the age of twenty-one years within seven years next before the commencement of this action. This is no reply. The saving clause in the statute of 1872, ch. 1869, sec. 9, Laws, only extends to the persons on whom the right first descends or accrues, and when the statute has once begun to run it will continue to run without being impeded by any subsequent disability. The statute does not mean that the limitation shall not operate except from the time the right of action accrues to the person laboring under a disability, but to the time when the right first accrued to those under whom they derive their right. There is no material difference between our statute and the English statute, the statute of New York, the statute of Wisconsin, and the statutes of other states in this respect. The courts of these States give the construction stated. Under any other construction the assertion of claims might be postponed for the period of the longest life, and possessions disturbed after sixty, eighty, or even an hundred years. 13 John., 513; 1 John., 165; 3 Hill, 85; 39 Wis., 466; 94 U. S., 773.
“The course of decisions in England and in this country has established the rule beyond doubt, that where the statute of limitations has commenced running, it runs over all subsequent disabilities.” 2 Green, (N. J.,) 294.
What is said disposes of the matter of these replications. The question whether the pleas are good still remains, for if they are not good in law, the judgment upon the demurrer should have been for the plaintiffs. A bad replication is a good answer to a bad plea. (1 Blackf., 415; 2 Green, Iowa, 184; 4 Munf., 104; 4 G. and J., 395; 32 Ala., 506; 7 How., 706; 1 Barb., 137; 16 Serg. and Raw., 51.) We think the special pleas bad. The statute of 1872, except as to the time of limitation, is similar to the statute of California. The Supreme Court of that State, in Sharp vs. Dangrey, 33 Cal., 605, held that a plea of this character simply denying seizin or possession was bad, and that it should also set up in proper maimer that the defendant has been for the time stated in the adverse possession of the land. A mere squatter claiming no title, or any person in possession, in subordination to the legal title, whether he knows in whom it is vested or not, cannot acquire title simply because there has been no entry or actual possession against him for seven years. Under section 4 of our statute the person establishing á legal title has the right of possession and is presumed to be in possession, and unless the actual possession of the other party is adverse for the time of the limitation, it is in contemplation of law a possession, under and in subordination to the legal title. (39 N. Y., 302; 4 Craneh, 367.)
An entry into lands within seven years is not required, unless there be some adversary possession or title to be defeated by such entry. Until there is an actual permanent possession by some claimant as contemplated by the statute, the party to whom the right or- title to the land accrued, cannot prosecute the action. (Tyler on Eject., 807.)
As to the second plea, it is aláo true that if the plaintiff establishes a legal title in himself, his ancestor, predecessor or grantor, within seven years before the act‘was committed in respect to which the action is prosecuted, that any other possession than an adverse possession is deemed to be in subordination to that title. For this reason the plea should set up an adverse possession for the period named. The plea is also wanting in certainty. There are no facts alleged by which the date of the accruing of the' right of action can be ascertained or put in issue.
For the reasons stated we think tlw pleas bad, and the result is that the judgment of the .court upon defendant’s demurrer to the plaintiffs, replications to the second and third pleas was, in our opinion, error. There should have been judgment for the plaintiffs upon the demurrer as to these pleas, and if the pleas had not been amended the plea of the general issue would have remained to be disposed of. Although a demurrer opens the pleadings and reaches back to the first error committed, yet it cannot be visited upon separate and distinct pleas on which issue has been previously taken.
Next in the record appears a demurrer to defendant’s *139 fourth, and fifth pleas. There are no such pleas in the record as presented to this court. It appears by a recital in another portion of the record that these pleas, by leave of the court, were withdrawn, and we presume they were taken from the files of the court. This is not correct practice. After a pleading of a party has been replied ‘to by his adversary he may abandon it, but the record should remain as it is. "We do not see here, however, where any injury has resulted to appellant, (3 Scam., 15,) and it is certainly no ground for the reversal of a judgment if it be otherwise right. The defendant had a right to abandon these pleas.
In another portion of the record we find an additional replication to the defendant's second and third pleas. This replication consists more of statements of legal propositions, which would have been raised by a demurrer to these pleas, than of facts set up in reply to those stated by defendant in the pleas. The only fact properly alleged in it is that the ancestor of plaintiffs died before the adoption “of the act of limitations of February 27, 1S72." To this replication there was a demurrer, and the demurrer was sustained. This is no reply, but as ’ before stated, a bad replication is a good answer to a bad plea, and the judgment upon the demurrer should have been for plaintiffs.
From the record it appears that after the announcement of the court sustaining the demurrer to these replications, no entry of judgment for defendant upon these demurrers was made, but that the court directed an entry of a default for want of a replication to the second and third pleas. Admitting the correctness of the court's ruling upon the demurrer, (which we have said we think was error,) still this entry of a default was wrong. The plaintiffs had not been in default in filing a replication to these pleas. They had filed their replications, defendant had demurred to :them, and the court had sustained the demurrer. The plaintiffs did not ask to amend, and the' proper entry to •have been made on the minutes of the court was a final judgment for the defendant upon these demurrers. The pleas went to the whole action, and unreplied to, were an answer to it. (14 Wall., 457; 10 Pet., 257.)
We will examine the case further.
After the court permitted the defendant to withdraw his fourth and fifth pleas, and after the entry of the default as stated, the plaintiffs refused to proceed further. A jury was impaneled without their consent, they offered no evidence, but refused so* to do, and the court instructed the jury that the plaintiffs, having offered no evidence, the defendant was entitled to a verdict, and there was verdict and judgment for the defendant, followed by a motion for a new trial.
We will notice the motion for a new trial first. This motion is in this language: “The plaintiffs, by their attorneys, move that the verdict in this cause be set aside, and that judgment thereon be arrested." The words, “and that judgment there on be arrested," are improperly here. A judgment is never arrested as a result of setting aside a verdict; a new trial is granted; nor are these terms applicable* to a simple stay of proceedings in connection with a motion for new trial if that is what is desired. Arresting a judgment and staying proceedings, as here used, are distinct and different things. A stay of proceedings, so far as authorized by law, (Thomp. Big., 351,) may be awarded until the motion for new trial is acted upon. An arrest of judgment is independent of the motion for new trial, and if made should be made subsequent to such motion.
We have already stated that a judgment for the defendant upon the demurrer here should have been final, but eVen if such was not the case and it was necessary that some other issue should have been disposed of, or made, still the proceedings were erroneous.
Even though a trial of such an issue was proper, yet as against the wish of the plaintiffs, the defendant cannot prosecute plaintiff's suit. If the plaintiffs saw proper to abandon their cause in this stage of the proceedings, the defendant's remedy was a motion for judgment for want of prosecution. While the plaintiff cannot be compelled to submit to a non-suit, (Hule 51, Circuit Court Hules,) yet if he voluntarily declines to prosecute his suit and refuses so to do, the court can and should dispose of it in the manner stated.
From what has been said, it is apparent that the judgment in this case must be reversed and set aside, that the verdict must be set aside and the case remanded for further proceedings. Ho objection having been made to the special pleas in this case, we have examined them as we find them upon the record.
"Under the plea of not guilty evidence to prove adverse possession is admissible, though the statute of limitations is not pleaded. 94 "U. S., 775. Special pleas of this character were not admissible at common law, and the statute does not make them so. As remarked by the Supreme Court of Pennsylvania, in Zeigler vs. Fisher, 3 Penn., State, 367, when treating of a like statute to ours: “The act declares that the plea in ejectment shall be 'not guilty,' thereby reducing the issue to one simple plea adapted to the trial of the merits with more facility and certainty."
As to common law, so under the statute; there may be special pleas to the jurisdiction; or pleas puis darrein continuance, but the pleas here filed-are not admissible. 20 Ind., 174. See, also, Tyler on Ejectment, 777 to 792, 464, 465, 467.
That a special plea amounts to the general issue is an objection to the manner of the pleading, the matter contained in it. It may be in substance a good plea and yet subject to attack on this ground. Where special demurrers are allowed, such a demurrer is the proper method of attacking such a plea. 6 S. and M., 88; 20 Ill., 148; 2 N. H., 454.
Special demurrers are abolished in this State, (sec. 15, ch. 1096, Laws,) but the court has power to strike out a plea of this character, (sec. 16, same chapter, Laws,) tending as it does, when filed with the plea of the general issue, to embarrass the trial. 3 Blackf., 256.
Judgment reversed, verdict set aside, and case remanded with directions to strike out all the proceedings after the plea of not guilty, and issue thereon, and for further proceedings conformable to law and not inconsistent with this opinion.