M. E. LYLE, *et vir*, v. LEON HEBB, *et al.*

197 So. 859
Division A
Opinion Filed September 24, 1940

*O. E. Williams,* for Appellants;
*Fred M. Harris,* for Appellees.

BUFORD, J.—The appeal brings for review an order dismissing cross bill of complaint.

The record shows that on the 23rd day of May, 1939, Leon Hebb filed bill of complaint in the Circuit Court of Polk County, Florida, seeking to enjoin the clerk of the circuit court from issuing to one M. E. Lyle a tax deed based on tax certificate issued on November 4, 1895.

Restraining order was issued whereupon Lyle filed answer and cross bill in which cross bill he sought to foreclose two certain tax sale certificates issued November 4, 1895, and June 1, 1896, respectively, being certificates number 555 and 794, and alleged that on November 4. 1895,

and June 1, 1896, respectively, J. W. Boyd, tax collector of Polk County, sold said lands for non-payment of taxes for the years 1894 and 1895, respectively, to Wiley B. Lyle and issued tax sale certificates, *supra.* That in January of 1902 Wiley B. Lyle, for valuable consideration, assigned the tax certificates, *supra,* to Charles H. Walker, Trustee, who in turn for valuable consideration assigned the certificates to the defendant, M. E. Lyle. She alleged that the certificates constituted evidence of tax lien on the property and that she was entitled to foreclose the same against the property.

After notice and hearing on motion to dismiss the Court entered its order on September 30, 1939, as follows:

"This cause came on for hearing upon motion of complainant and cross defendant to strike out the cross bill of cross complainant M. E. Lyle, and upon consideration thereof, the same having been argued by counsel for the parties respectively, the Court is of the opinion that said motion should be sustained. Therefore it is ORDERED, ADJUDGED and DECREED that said cross bill or complaint be and it hereby is dismissed, with leave to the cross complainant to amend within fifteen days."

Appellant insists that there are two questions for us to consider as follows:

"1. Does Section 64 of Chapter 4322, Acts of 1935, limit the time for foreclosing tax sale certificate issued under date of November 4th, 1895?"

"2. Have all rights and their standing in a court of equity, of the holders of tax sale certificates issued under date of November 4th, 1895, become barred because of gross laches?"

We do not think it necessary to discuss the first question. The record shows that the tax certificates were issued prac-

tically forty-four (44) years before any effort was made to acquire title under the tax certificates.

In Norton v. Jones, 83 Fla. 81, 90 Sou. 854, this Court said:

"The law is well settled that where it is clearly apparent upon the face of the bill that complainants therein have slept so long upon their rights as to be guilty of laches in the assertion of them, such question of laches may be raised and determined upon a general demurrer for want of equity, in the bill."

This rule has been followed in Geter v. Simmons, 57 Fla. 423, 49 Sou. 131; Marshall v. Young Construction Co., 94 Fla. 11, 113 Sou. 565, 55 A. L. R. 662; Mabson v. Mabson, 104 Fla. 162, 140 Sou. 801; Smith v. Daffin, 115 Fla. 418, 155 Sou. 658, 796.

It follows, therefore, that the order of the court appealed from is without error and should be affirmed.

It is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorizing by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.