F. D. CAMPBELL, v. B. L. HORNE and wife, GLADYS HORNE.

3 So. (2nd) 125

En Banc

Opinion Filed June 17, 1941

*Howard S. Bailey,* for Appellant;

*Reeves Bowen,* for Appellees.

BUFORD, J.—On October 12, 1940, plaintiff in the court below, appellant here, filed his bill of complaint to foreclose the lien evidenced by a State and county

tax sale certificate issued June 2, 1917, and which was transferred to A. D. Campbell by the Clerk of the Circuit Court of Washington County, Florida, on January 1, 1920, and which came to A. D. Campbell, Jr., under the law of descent and distribution upon the death of A. D. Campbell on April 1, 1924, and which was assigned to plaintiff by A. D. Campbell, Jr., on February 9, 1939.

Defendants interposed answer and motion to dismiss. The first ground of motion to dismiss is:

"1. It appears from said bill of complaint that the complainant and his predecessors in title, exclusive of the State of Florida or its Treasurer, held and owned the tax certificate therein declared upon for over twenty years before attempting to enforce the same in this suit, that said tax certificate was over twenty-four years old at the date of the commencement of this action, and that the complainant and his predecessors in title, exclusive of the State of Florida or its Treasurer, are guilty of such gross laches that said bill of complaint is without equity and the complainant is barred and precluded from obtaining any relief herein."

This ground of the motion justified the decree dismissing the cause because of gross laches of plaintiff and his predecessors in title since January 1, 1920. See Lyle, et vir, v. Hebb, et al., 144 Fla. 282, 197 Sou. 859.

Having reached this conclusion, it is not necessary to discuss the constitutionality of Chapter 19515, Acts of 1939, but inasmuch as appellant has challenged the constitutional validity of the Act, we shall discuss it.

The challenged statute is:

"A period of twenty years is hereby declared to be

the life of any tax certificate issued against any lands in the State of Florida, whether issued for State and county taxes or issued by a municipality for municipal taxes, and held by any private holder, natural or corporate, partnership, trustee, estate of deceased person, or other persons under disability, or otherwise, such period of twenty years to be reckoned from the date of the issuance of such tax certificate; and when such certificate becomes twenty years old, reckoned from the date of its issuance, the same shall be deemed and held to be barred by this statute of limitation, and no action on such certificate shall be maintained by any such private holder in any court of this State; and no tax deed shall issue thereof; Provided, however, that the holder of any such tax certificate which at the time of the passage of this Act is more than twenty years old, or which becomes twenty years old within a year from the time this Act is approved or otherwise becomes a law, shall have a period of one year from the time this Act becomes a law within which to make application for a tax deed, or to institute an action or actions for the enforcement of such certificate."

There was no statute of limitations fixing a time within which tax certificates should be enforced prior to this Act.

The Act definitely placed a limitation upon the time in which the lien evidenced by a tax sale certificate could be enforced and preserved for a reasonable period of time to those then holding such certificates, whatever, existing rights they then had.

We do not have to go beyond our own jurisdiction for authority to uphold the validity of the statute.

See Spencer v. McBride, 14 Fla. 403; Sanderson v. Thomas, 17 Fla. 468; Wade v. Doyle, 17 Fla. 522.

While the above cited cases were decided before the adoption of Section 33 of Article III of our Constitution, the enunciations continue as applicable law.

To hold in harmony with appellant's contention would be to adjudge that in cases where there was no applicable statute of limitations at the time of adopting our Constitution of 1885 none could ever be enacted which could affect then existing rights.

The law is well settled by decisions of the Supreme Court of the United States, and in other jurisdictions, that statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is given for the enforcement of the right before the bar takes effect. See Atchafalaya Land Co. v. F. B. Williams Cypress Co., 258 U. S. 190, 66 L. Ed. 559, 42 S. Ct. 284; United States v. Morena, 245 U. S. 392, 62 L. Ed. 359, 38 S. Ct. 151; MacFarland v. Jackson, 137 U. S. 258, 34 L. Ed. 664, 11 S. Ct. 79; Vance v. Vance, 108 U. S. 514, 27 L. Ed. 808, 2 S. Ct. 854; Mills v. Scott, 99 U. S. 25, 25 L. Ed. 294; Kentucky Union Co. v. Kentucky, 219 U. S. 140, 55 L. Ed. 137, 31 S. Ct. 171; Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 735, 45 LRA 118; Osborne v. Lindstrom, 9 ND 1, 81 NW 72, 46 LRA 715, 81 Am. St. Rep. 516.

We hold that the time subsequent to the passage of the Act in which one's then existing rights could be enforced was a reasonable time for such purpose.

The decree is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.