**MARY E. BUCK and JAMES S. BUCK v. J. I. TRIPLETT, JR.**

32 So. (2nd) 753                                         June Term, 1947
December 5, 1947 .                                          En Banc

*Emmet Safay, David J. Lewis,* for appellant.
*Waybright & Waybright,* for appellee.

ADAMS, J.:

The question involved here emerges from the following facts. One Triplett acquired title to certain real estate by tax deed in 1926; in 1936 he was divested of title by sheriff's deed. After a period of years the grantee, under the sheriff's deed, sold and conveyed the property back to Triplett who continued to hold title until the filing of this suit to quiet title by him in 1946. From the date of tax deed in 1926 until the filing of the suit the taxes were paid by Triplett during the time of his ownership and by his grantor, the grantee named in the sheriff's deed, during his ownership. Although the two owners paid all taxes during the twenty year period they were not paid each year as assessed but at times were allowed to accumulate, although they were eventually paid and satisfied.

The lower court quieted Triplett's title against the record owner as of the date of the tax deed and his subsequent grantees.

The question now is whether that decree may be upheld by virtue of Section 196.09, F.S.A., which provides:

"Wherever a tax deed has been issued by the State of Florida, conveying or attempting to convey the title to any real estate in the State of Florida, by reason of the nonpayment of taxes thereon, no action shall be brought by the former owner thereof, or by any person claiming by, through or under him, against the grantee in said tax deed, his heirs, devisees or assigns, where the grantee on his heirs, devisees or assigns have paid the taxes assessed against the lands described in the said tax deed for a period of twenty successive years, at any time after the issuance of said tax deed, but the grantee in said tax deed, his heirs, devisees or assigns, may, at his option, file a bill in equity to quiet the title to the lands

described in said tax deed, and no defense to said suit, nor attack upon said tax deed shall be made, except to show that the taxes assessed [assessed] against the premises described in said tax deed, and for the nonpayment of which said tax deed was issued, had been paid before the execution and issuance thereof, by the former owner."

This statute was enacted in 1927. We are urged to hold it unconstitutional because it attempts to deprive the owner of his property without due process. We are also asked to hold that plaintiff is not entitled to the benefit of the statute because the taxes were permitted to become delinquent and were not paid each year.

The validity of this statute has never been brought in question in this court. The general rule is that statutes of this character are not unconstitutional. See 34 Am. Jur., Sec. 18 et seq; 51 Am. Jur., p. 995, Sec. 1155. At an early date we impliedly recognized the legislative power to enact similar statutes. See Florida Savings Bank v. Brittain et al., 20 Fla. 507; Carncross v. Lykes, 22 Fla. 687. We are committed to the rule that statutes of this nature are good where a reasonable time is allowed to prosecute an asserted right. See Campbell v. Horne, 147 Fla. 523, 3 So. (2nd) 125 and authorities cited. In that case we held that one year, the same as here, was a reasonable time. Our conclusion is that the statute did not deprive the original owner of any right vouchsafed to him by the constitution.

As to the other question we hold that the requirements of the statute were met by payment of taxes even though they were not paid each year as assessed. They were paid by plaintiff and his predecessor before title was lost for nonpayment hence the statute was satisfied and the former owner was not adversely affected.

It is unnecessary to discuss the other questions and the decree is affirmed.

Affirmed.

TERRELL, Acting Chief Justice, BUFORD, CHAPMAN, SEBRING and BARNS, JJ., concur.