OPINION ON REHEARING GRANTED
BARKDULL, Judge.
The trial court granted a summary judgment for the defendant in a medical malpractice action finding that the plaintiffs cause of action was barred by the statute of limitations. The summary judgment reads as follows:
THIS CAUSE came before the Court on the Motion for Summary Judgment of Defendants, ORLANDO R. GRAHAM, M.D.; PONDER & ASSOCIATES *291 EMERGENCY PHYSICIANS, P.A., and NORTH SHORE HOSPITAL, INC. The Court finds from the pleadings, depositions and answers to interrogatories that the medical care and treatment provided by Defendants to Plaintiff ROBERT B. CATES, which Plaintiffs allege was negligent care and treatment, occurred on June 21, June 24 and July 4,1975. Plaintiffs claim that DR. GRAHAM negligently failed to remove a piece of glass from the foot of Plaintiff ROBERT B. CATES. Defendants denied Plaintiffs’ allegations and, as an affirmative defense, asserted that Plaintiffs’ action was time barred by F.S. 95.11(4)(b) which provides that in medical malpractice actions, in no event shall the action be commenced later than four (4) years from the date of the incident or occurrence out of which the cause of action accrued. Plaintiffs argued that the Statute is unconstitutional because it abolishes the right to sue any health care provider whose professional negligence proximately causes a plaintiff an injury more than four (4) years from the date of the incident or occurrence. It was Plaintiffs’ position that the glass was not discovered in the minor Plaintiff’s foot until after four (4) years from the date of treatment by Defendant ORLANDO R. GRAHAM, M.D. and, therefore, the Statute operated as a total bar to his ever filing a claim for his injuries. The Court finds Plaintiffs’ argument invalid, as the minor Plaintiff’s medical care and treatment occurred last on July 4, 1975, and Plaintiffs knew that there had been glass left in the minor Plaintiff’s foot by February 6, 1979. Accordingly, Plaintiffs had from February 6, 1979, when they knew of the alleged malpractice, until July 4, 1979, when the action became time barred, within which to file a medical malpractice action. Notwithstanding having had a period of approximately five (5) months within which to file an action, Plaintiffs waited until over eleven (11) months before filing a medical malpractice mediation claim on January 9, 1980. The Court finds that when applied to the facts in this case, F.S. 95.11(4)(b) is constitutional and that Defendants’ Motion for Summary Judgment should be and is hereby granted.
WHEREFORE, the Court hereby grants and enters Summary Judgment in favor of Defendants and, accordingly, Plaintiffs shall go hence without day and Defendants shall recover their taxable costs, as proscribed by law.
We affirm upon the Supreme Court reasoning contained in Bauld v. J.A. Jones Construction Company, 357 So.2d 401 (Fla.1978). The question of the constitutionality of a statute is a question of law for the court. City of St. Petersburg v. Austin, 355 So.2d 486 (Fla. 2d DCA 1978); 30 Fla.Jur., Statutes § 76.
In performing that function the court may determine, under the facts of the case, whether or not the party was afforded a reasonable time in which to act before being barred under the applicable statute. See and Compare Bauld v. J.A. Jones Construction Company, supra; Buck v. Triplett, 159 Fla. 772, 32 So.2d 753 (1947); Mahood v. Bessemer Properties Incorporated, 154 Fla. 710, 18 So.2d 775 (1944); Campbell v. Horne, 147 Fla. 523, 3 So.2d 125 (1941).
Therefore, for the reasons above stated the final judgment hereunder review be and the same is hereby affirmed.
Affirmed.