JAMES C. YOUNG, PLAINTIFF AND APPELLANT, V. JOSEPH
BRAND ET AL., DEFENDANTS AND APPELLEES.

1. **Mortgage Foreclosure.** The purchaser under a decree of
   foreclosure of a mortgage obtains the title of all the parties to
   the suit whether their title be that which is set forth in the
   pleadings or not.

2. ———: COMMISSIONER'S DEED. The deed of a sheriff or master
   commissioner under a decree of foreclosure divests the mortgage
   of all title to or interest in the land mortgaged to the same ex-
   tent as if he had executed the deed thereto.

3. ———: TAX LIEN. The mortgagee of real estate cannot pur-
   chase the mortgaged premises at tax sale prior to the foreclosure
   by him and after foreclosure take a tax deed and compel the
   purchaser at foreclosure sale to redeem. The tax lien if fore-
   closed at all must be foreclosed with the mortgage.

APPEAL from the district court of Otoe county. Heard
below before POUND, J.

*Watson & Wodehouse,* for appellant.

*M. L. Hayward, Thomas B. Stevenson,* and *Edwin J.
Murfin,* for appellees.

REESE, J.

On the twenty-first day of September, 1871, Hans C. F.
Brugman, being the owner of the real estate described in
the pleadings in this case, executed a mortgage thereon to
Andrew Roos to secure the sum of $600 due in one year
thereafter, and on the third day of June, 1873, he executed
another mortgage on the same property to Joseph Brand,
the defendant herein, to secure the sum of $500. On the
twenty-sixth day of October, 1877, Roos began his suit in
the district court of Otoe county to foreclose his mortgage,
making Brugman, Brand, and others parties defendant.
On the ninth day of April, 1878, a decree was rendered

foreclosing both mortgages and ordering the real estate to be sold to satisfy the decree, and on the tenth day of September, 1878, an order of sale was issued to the master commissioner directing him to sell the land, which was done on the eighth day of November, 1878, Joseph Brand, the defendant in this action, being the purchaser. The sale was afterwards confirmed by the court, and a deed ordered, which deed was duly executed and delivered on the sixth day of December, 1878.

On the thirteenth day of August, 1877, Roos purchased the real estate at tax sale for the delinquent taxes of 1875, paid the delinquent taxes due thereon for previous years, received a certificate of purchase from the county treasurer of Otoe county, and on the thirteenth day of August, 1876, the county treasurer executed to said Roos a tax deed. On the thirteenth day of December, 1880, Roos, by a quit-claim deed, conveyed said land to the plaintiff, James C. Young, who brings this suit in equity to quiet his title, or if the tax deed should be held invalid then that "he be given and awarded a first lien on the real estate paramount and superior to all claim, interest, or lien of the defendant, that his lien for the taxes so paid be foreclosed, and the land be sold to satisfy the amount found due."

To this petition the defendant answered, denying the title of the plaintiff, and with other defenses pleading in bar of plaintiff's right to recover the foreclosure proceedings. A trial was had in which the plaintiff virtually abandoned his title under the tax deed, and urged his right to recover under that clause of his petition asking the foreclosure of his alleged tax lien. The trial resulted in a general finding and decree in favor of the defendant, and from this decree the plaintiff appeals.

Several questions are presented by the record, but our attention will be confined to one, as from the view taken by us it must be decisive of the case. This question is,

whether or not the foreclosure proceedings in which plaintiff's grantor, Roos, was plaintiff and Brugman was defendant, divested Roos of all title to and liens on the property involved in that action.

In Jones on Mortgages, sec. 1654, referring to the title obtained at a foreclosure sale, it is said the purchaser "obtains the title of all the parties to the suit whether their title be that which is set forth in the bill or not. Whatever the title of the parties to the suit may be, that is what the court undertakes to sell and what the purchaser is entitled to have conveyed to him." Also see *Tallman v. Ely*, 6 Wis., 244. *Shellenbarger v. Biser*, 5 Neb., 195.

This question would seem to be effectually settled by sec. 853 of the civil code. Section 852 directs that the sale of mortgaged premises under a decree of foreclosure shall be made by the sheriff or some other person authorized by the court. Section 853 is as follows: "Deeds shall thereupon be executed by such sheriff, which shall vest in the purchaser the same estate that would have vested in the mortgagee if the equity of redemption had been foreclosed, and no other or greater; and such deed shall be as valid as if executed by the mortgagor and mortgagee, and shall be an entire bar against each of them and all parties to the suit in which the decree for such sale was made, and against their heirs respectively and all persons claiming under such heirs."

In this action the plaintiff is seeking to enforce a lien which was held by his grantor at the time of the commencement and during the pendency of the foreclosure proceedings, and which could have been enforced by him in that action.

The section above quoted provides as definitely as it is possible to express in words that the deed made by the sheriff or other officer, under a decree of foreclosure, "shall be as valid as if executed by the mortgagor and mortgagee, and shall be an entire bar against each of them and all par-

ties to the suit in which the decree for such sale was made," and against their heirs. Roos was the mortgagee and also the plaintiff in that action. Suppose Brugman and Roos had conveyed the real estate in question to the defendant, could it have been claimed that by such conveyance Roos would not have divested himself of the lien which the plaintiff is now seeking to foreclose? We think not. Then if the conveyance made by the officer has the same effect, would it leave him in any better or different position? Certainly not. But the section under consideration provides that the deed shall be a complete bar against him. The transfer of his claim to the plaintiff could convey no greater right than he had. "A stream cannot rise higher than its fountain," and if Roos had no rights under his tax lien surely his assignee can have none.

The foreclosure proceedings were commenced and carried forward to a final decree and sale of the land, the sale confirmed, and deed made. During all this time the plaintiff's grantor held this lien on the mortgaged property, which could have been joined in that action, but no mention is made of it. It is now too late. The deed is an "entire bar" against him, and consequently against those claiming under him. Whatever estate or title Roos had was merged in the decree and extinguished by the deed thereunder.

The finding and decree of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.