NOEKER *v.* HOWRY.

1. MORTGAGES—FORECLOSURE—PURCHASE BY JUNIOR MORTGAGEE —APPLICATION OF PROCEEDS.

A national bank and two other banks agreed, as second mortgagees, to pay interest upon the prior mortgage, and the taxes, and to bid in the land when sold under that mortgage, sharing the expense *pro rata.* The national bank, after paying certain moneys under the agreement, became insolvent, and the receiver refused to join in further payments of taxes or interest, but agreed subsequently, subject to the approval of the comptroller of the currency, to share in the purchase at foreclosure. The comptroller refusing his permission, the receiver sought to recover back from the other banks, which were preparing to bid in the property without his assistance, the sums previously advanced by the insolvent bank. *Held,* that he was entitled to have such sums repaid, if the sale should produce more than enough to pay the first mortgage and attendant costs, before any of the surplus should be applied upon the second mortgage.

2. SAME—TAXES—PRIORITY OF LIENS.

A junior mortgagee has a lien superior to a senior mortgage for taxes paid by him to protect his mortgage.

3. SAME—BILL OF REVIEW.

The comptroller of the currency refused to permit the receiver of an insolvent national bank to carry out an agreement made by him with two other banks to join in the purchase of land to be sold under first mortgage, upon which land the three banks held a second mortgage. Upon being advised of the comptroller's refusal, the receiver sought to reopen the decree of foreclosure for the purpose of having moneys paid by the bank for taxes declared a first lien upon the land. *Held,* that the necessity of asserting the right having arisen after the decree, the receiver should, under the circumstances of the case, be permitted to file a supplemental bill in the nature of a bill of review to test his claim.

Appeal from Wayne; Grove, J., presiding. Submitted January 26, 1899. Decided April 4, 1899.

Bill by Joseph and Mary Noeker against H. Kirke
Howry and others to foreclose a mortgage. Thomas A.
E. Weadock, receiver of the First National Bank of East
Saginaw, petitioned for a review of the decree of fore-
closure, and from a denial of the petition he appeals. Re-
versed.

*T. A. E. & J. C. Weadock,* for petitioner.

*Walker & Spalding,* for defendants.

HOOKER, J.   H. Kirke Howry made his mortgage to
Joseph and Mary Noeker. It contained the usual tax
clause. He afterwards deeded the premises to Brewer,
who in turn made a mortgage to Goodwillie, trustee for
the First National Bank of East Saginaw, the State Sav-
ings Bank of Detroit, and the Saginaw County Savings
Bank, to secure several claims held by them. The mort-
gage to the Noekers was foreclosed, decree being filed
March 25, 1898. Previous to the foreclosure, the three
banks had agreed among themselves that they would
pay interest and taxes upon the land, and, if the first
mortgage should be foreclosed, they would bid the prem-
ises in at the amount necessary to purchase the interest of
the first mortgagees, and pay, *pro rata,* the expense inci-
dent thereto. Accordingly, the First National Bank had
paid $472.18, $139.75 of which was for taxes, and the
remainder for interest upon the first mortgage. On
November 20, 1896, the First National Bank went into
the hands of a receiver, who refused to join in the further
payment of taxes or interest on the property. On March
25, 1898, it was agreed by the receiver on behalf of the
First National Bank, and the other two banks, that they
would, if necessary, purchase the premises at foreclosure
sale, and that each should pay its proportionate share
therefor; said agreement on the part of the receiver being
subject to the approval of the comptroller of the currency.
Such approval was refused. This was communicated to
the officers of the other banks, and they decided to bid the

property in without the assistance of the receiver. The receiver has since requested of each of said banks the repayment of the sum advanced by the First National Bank, and each has refused. Thereupon said receiver has filed his petition praying for a review of the decree of foreclosure, and that the sum paid by said First National Bank may be decreed to be a first lien upon the property, to be paid out of the proceeds of the sale thereof. Affidavits were filed upon behalf of the other banks, admitting the truth of the allegations of the petition, and expressing a willingness to permit the petitioner to join with them in the purchase of the property as agreed, but denying his right to reimbursement in case he refuses to do so. The circuit court denied the prayer of the petition, and the receiver has appealed.

The agreement, as originally made, was, in substance, that the three parties in interest under the trust mortgage should protect the property by payment of taxes and interest, which they had a right to do; and it is not unreasonable to say that the arrangement contemplated reimbursement from the proceeds of the sale, should there be a surplus above the amount necessary to pay the first mortgage and attendant expenses. While not expressly so agreed, because under the arrangement to purchase and pay *pro rata* it could make no substantial difference whether or not the application was made specifically to such payments before anything was paid upon the respective claims of the *cestuis que trustent*, it is plain that, had one of them, by his own volition, seen fit to protect the trust mortgage, it would be inequitable to make *pro rata* application of the surplus over the first mortgage claim to the several debts until the one who protected the mortgage should be reimbursed. We think that, if the sale shall produce sufficient to more than pay the first mortgage and attendant costs and expenses, the surplus should be applied to the payment of the sums advanced for the protection of the second mortgage, before anything is paid upon that mortgage. If, however, there shall be no such surplus,

the receiver would be remediless, so far as the payments of interest are concerned; for, having refused to join in the purchase of the property, he cannot participate in any profits that the other banks, or either of them, may realize from the property, should it be purchased by them.

The taxes were a claim paramount to both mortgages. They are by law made a lien upon the land, and either mortgagee might protect his mortgage by paying them, and by doing so would succeed to the lien upon the land, which would take precedence over both mortgages. The authorities are harmonious that taxes so paid constitute a lien against the owner, and it appears equitable that a junior mortgagee who pays them should be reimbursed from the property before it is applied to the payment of an earlier mortgage. The payment ought not to be treated as a voluntary payment, in any technical sense; and, as it inured to the benefit of the first mortgagee, equity requires that his security should be postponed to its repayment from the property. The case of *Fiacre* v. *Chapman*, 32 N. J. Eq. 463, is in point.

The ground upon which the application is said to be based is that new matter has arisen since the decree, viz., that petitioner finds that the comptroller will not permit him to join in the purchase of the property. He has neglected to assert his tax lien in the foreclosure case because he had expected to participate in the purchase of the property, in which case it would have been immaterial whether it was made a first or second lien; but, upon finding that he could not secure it by purchase, it became important to have it adjudged a first lien in the foreclosure decree. In short, the right to the relief has not arisen since the decree, but the necessity of asserting that right has, and, under the circumstances, we think it was within the discretion of the circuit court to permit the petitioner to intervene by filing a supplemental bill in the nature of a bill of review, and testing his claim.

The order of the circuit court is reversed, and the prayer of the petition is granted, with costs of this court.

The other Justices concurred.