LESTER *v.* RICHARDSON.

Opinion delivered March 30, 1901.

1. MORTGAGE—PRIORITY.—A new mortgage executed in lieu of one barred by the statute of limitations is a separate and distinct contract, and an intervening mortgage, not barred, is entitled to priority. (Page 201.)

2. SUBROGATION—TAXES.—A junior mortgagee paying taxes on the mortgaged property to protect his lien will be subrogated to the state's paramount lien therefor. (Page 201.)

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

Suit by L. D. Richardson against Thompson T. Lester and others. From a decree for plaintiff, defendant has appealed.

*Wood & Henderson,* for appellant.

Equity should relieve against the effects of a mistake of law and fact into which appellant was induced by the fraudulent representations of Murray. 1 Story, Eq. §§ 110, 136; 2 Pom. Eq. Jur. § 849; Jones, Mortg. § 971; 54 Ark. 154; 43 N. W. 91; 9 N. W. 844; 28 N. W. 924; 13 Pac. 434; 35 N. W. 629; 89 Mo. 383; 35 Ia. 157; 69 N. E. 495; 23 Me. 388; 15 Wis. 612; 54 Miss. 446; 64 N. Y. 397; 5 S. E. 418.

*G. G. Latta,* for appellees.

The court's ruling as to the priority of appellee's mortgage was correct. Sand. & H. Dig., § 5091; 9 Ark. 112; 20 Ark. 190; 18 Ark. 105; 49 Ark. 457; *Cf.* 1 Jones, Mortg. 605; 2 N. J. Eq. 239; 36 Barb. 571; 1 Sandf. Ch. 383; 9 Gill, 185; 29 Md. 178. Appellant's mortgage was barred by limitation. Sand. & H. Dig., § 5094.

BATTLE, J. On the 28th of June, 1889, R. Murray and Mary Murray executed to Thompson T. Lester their promissory note for the sum of $500, due and payable on or before the 28th day of March, 1890, bearing interest at the rate of 10 per cent. per annum from date until paid; and on the 28th of June, 1889, conveyed by deed of mortgage to Lester the north half of lot 5, in block 47, in the city of Hot Springs, in this state, to secure the payment of said note. This mortgage was properly acknowledged on the day of its execution, and was recorded on the 30th of August, 1889. On the 25th of November, 1893, R. Murray executed to L. D. Richardson his promissory note for the sum of $16,405.47, due one day after date, and bearing 10 per cent. per annum interest from maturity until paid; and on the same day R. and Mary Murray conveyed said north half of lot 5, in block 47, in the city of Hot Springs, among other lands, to Charles N. Rix, in trust to secure the payment of the note for $16,405.47. The deed of trust was acknowledged on the day of its execution, and was properly filed for record on the 28th of November, 1893, and was duly recorded. R. Murray, from time to time, paid the interest on the note executed to Lester for $500, but no memorandum of such payments, with the dates thereof, was indorsed on the margin of the record where the mortgage is recorded. On the

28th of November, 1894, R. Murray fraudulently and falsely represented to Lester that the said north half of lot 5, in block 47, was not incumbered in any manner except by the mortgage to Lester, and he and his wife, Mary Murray, executed to Lester a note for the said $500 and 10 per cent per annum interest from date until paid, and due on or before the 28th of May, 1895, and conveyed the said north half of lot 5 in block 47 to J. H. Scoggins in trust to secure the payment of the last mentioned note, and by said false representation R. Murray induced Lester to accept the last mentioned note and deed of trust in lieu of the note first given for the $500 and the mortgage to secure the same, and to enter on the margin of the record of the mortgage satisfaction thereof and a release of the property mortgaged therein. Murray failed to pay the taxes assessed against the property mortgaged to Lester, and on the 14th of June, 1898, Lester paid $25.96 to satisfy the same and the costs and penalty incurred on account of such failure. No one except Murray participated in the fraud upon Lester.

In a cross-complaint filed in this action Lester sought to have the satisfaction and release entered on the margin of the record set aside on account of the fraud perpetrated upon him, and to foreclose the mortgage executed on the 28th of June, 1889, to secure the $500, and also to have the property mortgaged sold for the purpose of refunding to him the $25.96 expended in payment of taxes, penalty and costs. Richardson pleaded the five years' statute of limitation in bar of his right to the relief demanded. The trial court sustained the plea as to Richardson and his assigns, and held that the deed of trust made to secure Richardson was superior to the deed of trust executed to secure Lester, and canceled the satisfaction of Lester's mortgage, and ordered that all the property conveyed to Rix in trust, except the north half of said lot 5, be first sold, and that the north half of said lot 5 be then sold, and that the deed of trust made to secure Richardson be first satisfied out of the proceeds of the sale of the property in the order sold, so far as they will extend, and, if there shall be any part of the proceeds of the sale of the north half of lot 5, in block 47, thereafter remaining, that it be appropriated to the satisfaction of the mortgage first executed to secure Lester, so far as it will extend, but made no order in respect to the $25.96, and Lester appealed.

The appellant contends that the court erred in holding that the lien of the deed of trust executed by R. and Mary Murray on the 25th of November, 1893, to secure Richardson, on the north half of lot 5, in block 47, was superior to the lien of the mortgage executed on the 28th of June, 1889, to secure Lester, and to the lien of the deed of trust executed on the 28th of November, 1894, for the same purpose. This contention seems to imply that the two instruments made to secure Lester were a part of the same contract, whereas more than five years intervened between the execution of the same, and Lester, on the 30th of November, 1894, entered on the margin of the record of the mortgage the following: "I hereby acknowledge full satisfaction of the note herein described, and hereby release the property from the operation of this deed of trust or mortgage;" and signed the same. The contention is clearly incorrect. The deed of trust, executed on the 28th of November, 1894, was intended to be, and was accepted, in lieu of the mortgage, and a new note was made and accepted in full discharge of the note secured by the mortgage. The cancelling of the entry on the margin of the record by the court did not join the two instruments and make them one contract. They still remained separate and distinct contracts in reference to the same subject-matter, and, the note secured by the mortgage not being kept alive, except by part payments, of which no memorandum was indorsed on the margin of the record, where the mortgage was recorded, the mortgage was barred by the statute of limitation, so far as it affected the rights of third parties (Sand. & H. Dig., § 5094); and the deed of trust to secure Richardson, having been made, filed for record, and recorded before the deed of trust to secure Lester was executed, was prior and superior to the last-mentioned deed of trust, and was entitled to be first satisfied out of the proceeds of the sale of the property thereby conveyed to Rix in trust. *Frazee* v. *Inslee,* 1 Green (N. J.), 239; *Neidig* v. *Whiteford,* 29 Md. 178; *Woollen* v. *Hillen,* 9 Gill, 185; 1 Jones, Mortgages § 605.

Lester, having paid the taxes, penalty, and costs charged against the north half of lot 5, in block 47, for the purpose of protecting his lien thereon, is entitled to be subrogated to the lien held by the state to secure the payment of the same, which is paramount to all other liens, and to receive the amount paid out of the proceeds of the sale of the property charged. *Ringo* v. *Woodruff,* 43 Ark. 498.

The decree of the circuit court, so far as it is consistent with this opinion, is affirmed, and, as to the $25.96 expended in the payment of taxes, penalty and costs, the cause is remanded, with directions to the court to enter a decree in accordance with this opinion and to enforce the same.