THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, v. V. BAYLARIAN, individually, and V. BAYLARAN, as administrator *ad litem* of the estate of Haygouhe Baylarian, deceased, M. A. SMITH, as Liquidator of the State Bank of Orlando & Trust Company, an insolvent Florida Banking corporation, VOLUSIA INVESTMENT COMPANY, INC., a Florida corporation, and GARAGE EQUIPMENT COMPANY, a Florida Corporation.

168 So. 7.
Division A.
Opinion Filed May 6, 1936.
Rehearing Denied May 25, 1936.

*Crawford & Gaskin,* for Appellant;

*George P. Garrett* and *E. W. & R. C. Davis,* for Appellees.

WHITFIELD, C. J.—The appellant as plaintiff brought suit to foreclose a first mortgage upon real estate making as parties defendant besides the mortgagors, other parties having claims against the property alleged to be inferior to plaintiff's mortgage, including M. A. Smith as Liquidator of the State Bank of Orlando and Trust Company who held two mortgages subordinate to the plaintiff's mortgage.

The answer·of defendant M. A. Smith, as Liquidator as aforesaid, contains the following:

"Further answering said Bill of Complaint, this defendant says that during the life of the mortgagee specifically referred to in paragraph twelve of this answer, this defendant and his predecessors in title, for the purpose of protecting the interests under and by virtue of the aforesaid mortgages paid the State and County taxes on said property, City taxes, paving and sewer liens in the aggregate amount of $6,888.18 and has paid out for insurance for the protection of said property the sum of $236.67, and has paid to the complainant on account of the first mortgage principal in the amount of $2545.19, and interest in the

amount of $2104.23; that payment of taxes was made to protect the interest of this defendant under the aforesaid mortgage lien, and by reason of the payment thereof, this defendant is subrogated to the rights of the State of Florida, County of Orange and City of Orlando, a municipal corporation, for the enforcement of the liens for taxes and assessments as aforesaid, and this defendant says that said liens are superior in dignity to the lien of the complainant by reason of being the owner of the mortgage aforesaid, and this defendant is entitled to be reimbursed out of the proceeds of the property, and is entitled to receive legal rate of 8% on the sums so paid from time of payment to final decree in this cause, all of such sums to be paid as a lien superior to the lien of the complainant, and by virtue of its mortgage."

"And this defendant, having fully answered each and every the allegations in said Bill of Complaint contained, prays: 1. That your Honor cause an accounting to be had under the direction of the Court for the purpose of ascertaining the amount of the lien of this defendant upon said property by reason of payment of taxes aforesaid, and by reason of payment of principal and interest as hereinbefore alleged, and that upon said accounting being had your Honor will decree that this defendant be reimbursed for sums expended for taxes, assessments and insurance, said reimbursement to be made out of the proceeds of said property, and that your Honor will in said decree provide that said lien be and is superior to the lien of the complainant by virtue of this first mortgage. 2. That this defendant be subrogated to the rights of the complainant herein to the extent of the monies paid to the complainant by this defendant, and his predecessors in title, upon the principal and interest of said first mortgage, and that your Honor

will decree that sums so paid shall be a lien upon said property."

A motion to strike the above quoted portion of the answer of M. A. Smith, as Liquidator was denied.

By replication to the answer of M. A. Smith, as Liquidator, plaintiff alleged:

"That plaintiff denies that this defendant and his predecessors in title, for the purpose of protecting the interests under and by virtue of his mortgages paid state and county taxes, city taxes, paving and sewer liens in the aggregate amount of $6,888.18 on the property involved in this cause and has paid out insurance for the protection of said property in the sum of $236.67, and has paid to plaintiff on account of its first mortgage principal in the amunt of $2,545.19 and interest in the amount of $2,104.23, and denies that this defendant is subrogated to the rights of the State of Florida, County of Orange and City of Orlando, for the enforcement of the liens for taxes and assessments as alleged therein, and denies that the liens of this defendant are superior in dignity to the mortgage lien of plaintiff which is being foreclosed herein and denies that this defendant is entitled to be paid any sums out of the proceeds of said property as a lien superior to the lien of plaintiff's mortgage."

It was stipulated that M. A. Smith, as Liquidator, had paid stated amounts for taxes and assessment upon the property covered by the mortgage.

The Court decreed in favor of plaintiff's foreclosure and adjudged that "the said Master shall, out of the proceeds of such sale, and upon confirmation thereof retain his fees, disbursements and commission on said sale; that he pay the officers of this Court their costs in this suit; that he pay the defendant M. A. Smith as Liquidator the sum

of $1824.70; that out of the remainder of the proceeds from such sale he pay to the plaintiff the sum of $9091.51, together with legal interest thereon from the date of this decree to the date of said sale;" etc.

Plaintiff appealed "from that provision of the final decree * * * adjudging the award to the defendant, M. A. Smith, as Liquidator of State Bank of Orlando & Trust Company, superior to that of the plaintiff, The Prudential Insurance Company of America."

A junior mortgagee who has paid taxes on the mortgaged property to protect his lien will be subrogated to governmental paramount lien for the taxes. Lester v. Richards, 69 Ark. 198, 62 S. W. 62; Ringo Ex'r. v. Woodruff, 43 Ark. 469; Noeker v. Howry, 119 Mich. 626, 78 N. W. 669; Fiacre v. Chapman, 32 N. J. Eq. 463.

Under Section 954, Compiled General Laws, 1927, the taxes are required to be paid from the proceeds of the foreclosure sale after the payment of costs of the proceedings wherein the sale is made.

If a junior mortgagee has paid taxes that the statute requires to be paid as a paramount lien after the costs of suit are paid, the junior mortgagee will be subrogated to the paramount lien for the amount of taxes paid. Such a payment of taxes protects all contract liens and the party so paying is not a mere volunteer. See Noeker v. Howry, 119 Mich. 626, text 629. 78 N. W. 669.

Affirmed.

BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.