**HILLSBOROUGH INVESTMENT COMPANY, a Florida corporation, v. CITY OF TAMPA, a Municipal Corporation.**

5 So. (2nd) 256 Division B
December 12, 1941 Rehearing Denied January 9, 1942

8

Paul Game, for petitioner.

Alonzo B. McMullen and Ralph A. Marsicano, for respondent.

CHAPMAN, J.:

Suit was filed by the City of Tampa under the provisions of Chapter 15038, Acts of 1931, Laws of Florida, for the purpose of enforcing the payment of delinquent taxes and improvement liens on described real estate located within said city. The Hillsborough Investment Company, on January 29, 1939, by assignment, acquired a mortgage on the same property from the Citizens Bank & Trust Company. The mortgage was dated August 11, 1927, and recorded August 19, 1927. The Citizens Bank & Trust Company paid the sum of $415.00, State and County taxes for the years 1925 and 1927 on the property covered by the mortgage, and the Hillsborough Investment Company, by counter claim, asserts that it is subrogated to the State's paramount lien in the sum of $415.00, plus interest, which should be decreed to be on a parity with all State, county and municipal liens for taxes, without priorities among them as to taxing units or years for which such taxes were imposed, and a pro rata allowance in the proceeds of the sale of the property should be decreed. The chancellor sustained a motion to strike the counter claim and the order is the basis of a petition for an interlocutory writ of certiorari in this Court.

The essential question here presented for adjudication evolving from the foregoing statement of facts is viz: When a mortgagee pays state and county

taxes on lands embraced in its mortgage, can or may the assignee of the mortgagee making payment be subrogated to the lien of the State created by law and thereby given a lien on parity with or equal dignity with the liens of a city for delinquent taxes against the same property? The doctrine of subrogation arising by operation of law and cited in Boley v. Daniel, 72 Fla. 121, 72 So. 644, LRA 1917A 734: Cuesta, Rey & Co., v. Newsom, 102 Fla. 853, 136 So. 551; Federal Land Bank v. Godwin, 107 Fla. 537, 136 So. 513; Standard Accident Ins. Co. v. Bear, 134 Fla. 523, 184 So. 97, is not here challenged, but the application thereof to the facts in the case at bar is questioned.

It is established that taxes lawfully imposed on real estate create a lien superior to all others and remains in full force and effect until paid. See Horn v. City of Miami, 142 Fla. 178, 194 So. 620; Tax Securities Corp. v. Security Inv. Corp., 115 Fla. 536, 155 So. 752; Clermont-Minneola Country Club, Inc., v. Coupland, 106 Fla. 111, 143 So. 133; Henderson v. Leatherman, 120 Fla. 496, 163 So. 310. In several cases where the mortgagee paid taxes to protect his mortgage lien, subrogation to the tax liens so paid have been sustained in litigation between private parties. Ordinarily they have been sustained because of contract relations between litigants. See Prudential Ins. Co. v. Baylarian, 124 Fla. 259, 168 So. 7; Kane v. Eustis, 106 Fla. 817, 143 So. 655, and similar cases.

The mortgagee's assignor here paid taxes in 1925 and 1927 and he asserts subrogation to the lien of the State created by law and on the theory that it is on parity with or equal in dignity to the delinquent tax lien owned and being foreclosed by the City of Tampa.

We have no statute in Florida permitting or authorizing such subrogation. It is recognized that a mortgagee has such an interest in the mortgaged property as authorizes his payment of taxes to protect his security and he is entitled to reimbursement. Ordinarily the amount paid for taxes is added to the amount of the mortgage debt and the entire amount collected together.

Cooley on Taxation, Vol. 3 (4th Ed.) par. 1263, pages 2515-16, and par. 1271, pages 2531-32, settles the question here posed.

It states:

"1263. Mortgagor or Mortgagee. Where the land is taxed, the mortgagor should pay the taxes on mortgaged land unless the statute provides otherwise; and the mortgagee is not liable for the taxes; but if the duty of payment is neglected, the mortgagee may be compelled to pay to save his security from being cut off by sale of the land, in which case he is entitled to reimbursement. In some jurisdictions, where a mortgagee is compelled to pay taxes to protect his lien, he is subrogated to the lien created by the tax assessment; and this is often provided for by statute. Payment in such a case does not constitute a separate debt in his favor against the mortgagor, but entitles him to add the amount to the sum owing on his security, and collect the whole together. . . ."

"1271. Subrogation to Lien of Tax District. There is a difference, it seems, between the acquisition of an equitable lien by a payment by one other than the owner, and subrogation to the tax lien in favor of the taxing district. For instance, it has been held that where there is no statute permitting tax officials to assign tax claims, the owner of property cannot by

contract confer a right of subrogation to the tax lien upon a stranger who pays his taxes at his request, so as to preserve a lien superior to that of existing mortgages on the property, even though the tax collector attempted to preserve the lien by an assignment on the tax books. Subrogation should not be allowed, it has been said, except 'in rare and extreme cases;' and it has been doubted whether a person could ever claim subrogation to the rights of the state as respects a lien for taxes. There are cases, however, in which the right of subrogation has been upheld; and it has been said that 'the cases are not infrequent in which such liens, although discharged as to the taxing power, have been kept alive to do justice between third parties,' and that 'there is nothing in the nature of a lien for taxes or assessments . . . to prevent the application of the equitable doctrine of subrogation when justice demands it.'. . ."

An equitable lien on the mortgaged premises for taxes paid by a mortgagee is fully sustained and is in harmony with the previous rulings of this Court. See 61 C. J. page 952, par. 1228. The mortgagee making payment is not, however, subrogated to the state and county liens thereby.

The counter claim asserts that the 1925 and 1927 taxes were paid to protect the mortgagee's property. It is assumed that the collecting officers issued receipts as evidence of payment. It is not contended that the taxing officers possessed the power or authority to assign to the mortgagee the right to enforce the payment thereof as vested in the sovereign power. It must be remembered that a tax and the lien created thereby is not a debt subject to the control of the parties. The sovereign power to levy a tax and the

machinery for collection thereof cannot be transferred to private individuals, in the absence of a statute, but this power by law is vested in public officials. A taxing unit, in the absence of a statute, is without authority to assign its claim for taxes to a citizen and thereby subrogate the citizen to the collecting rights of the taxing unit. See In Re: Green River Jockey Club, 5 Fed. (2nd) 259; Gibson v. Western & Southern L. Ins. Co., 161 Ky. 810, 171 S.W. 390, LRA 1915D 697.

The right to pay the taxes is one which inures to the mortgagee as a creditor. If the relation of a mortgagor and mortgagee did not exist, the right to pay did not exist, when the payee in law would have been a volunteer. An equitable subrogation is created when the tax payment is made by the mortgagee and the amount thereof is added to the amount due under his mortgage when the payment is enforced. See Prudential Ins. Co. v. Baylarian, supra; Jackson v. Reif, 26 Fla. 465, 8 So. 184; Clermont-Minneola Country Club, Inc., supra.

Florida is in line with the weight of authority in holding that the general rule is, the amount paid for taxes, together with the amount due upon the mortgage, constitutes but a single and indivisible demand, existing only by virtue of the mortgage, and, being collateral and subordinate thereto, it cannot be separated and collected in a several action, and when a mortgagee pays taxes upon the mortgaged property to protect his interest, such payment does not create a lien or liability apart from that of the mortgage. See Vincent v. Moore, 51 Mich. 618, 17 N.W. 81; Young v. Brand, 15 Neb. 601, 19 N.W. 494; Stone v. Tilley, 100 Tex. 487, 101 S.W. 201, 10 L.R.A. (N.S.)

678, 123 Am. St. Rep. 819, 15 Ann. Cas. 524; 1 Wiltsie on Mortgage Foreclosure (4th Ed.), par. 542; 3 Cooley, Taxation (4th Ed.), par. 1263; 41 C. J. 638; Citizens Savings Bank v. Guaranty Loan Co., 62 R.I. 448, 6 Atl. (2nd) 688, 123 A.L.R. 1236.

The petition for an interlocutory writ of certiorari is hereby denied.

It is so ordered.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.