74 So.2d 876 (1954)
H.K.L. REALTY CORPORATION et al., Appellants,
v.
James D. KIRTLEY and Susan Kirtley, Appellees.
Supreme Court of Florida. Division A.
October 5, 1954.
Edwin D. Taylor and J.R. Bates, Miami, for appellants.
R.E. Kunkel, Miami, for appellees.
SEBRING, Justice.
This is an appeal from a final decree in favor of the plaintiff in a mortgage foreclosure suit. The notes and mortgage involved were made in 1925. The notes were payable one, two and three years after date, respectively. The mortgagors defaulted in the payment of the debt secured. The notes and mortgage were assigned to the plaintiffs' predecessors in title on July 7, 1926. Thereafter, on November 8, 1951, the notes and mortgage were assigned to *877 the plaintiffs, who, in 1952, instituted the present suit to foreclose the mortgage claiming principal, interest and taxes as proper items of recovery. Jurisdiction of the defendants was obtained by constructive service. The reason assigned by the plaintiffs for their long delay in bringing suit was, in essence, that during the period of time, transpiring since the default in the mortgage and the institution of suit, the property had been virtually valueless and not worth the amount of the debt secured; that during said period of time the defendants had been absent continuously from the state and consequently a deficiency decree could not have been entered against them had a suit been brought earlier to foreclose the mortgage; that in late years the property had so enhanced in value that the claim can now be satisfied out of the property.
The defendants came in and answered the complaint pleading as a defense to the suit that the cause of action was barred under applicable limitation statutes and that consequently a suit thereon could not be maintained. The trial court rejected this defense and entered a final decree in favor of the plaintiffs for the full amount of principal, interest, costs and taxes.
The pertinent statutes in force at the time the notes and mortgage were executed, and in 1926 when the notes and mortgage were assigned to the plaintiffs' predecessors in title, provided that an action upon any contract, obligation, or liability founded upon an instrument of writing under seal could be commenced only within twenty years of the accrual of the cause of action; section 2939, R.G.S. 1920; section 4663, C.G.L. 1927; section 95.11, F.S. 1941, F.S.A.; Bennett v. Herring, 1 Fla. 387; Bourne v. State Bank of Orlando & Trust Co., 106 Fla. 46, 142 So. 810; Jordan v. Sayre, 24 Fla. 1, 3 So. 329. They provided, further, that "If, when the cause of action shall accrue against a person, he is out of the state, the action may be commenced within [20 years] after his return to the state * * *" Section 2928(4), R.G.S. 1920; section 4648(4), C.G.L. 1927; section 95.07, F.S. 1941, F.S.A.
In 1945 the legislature enacted Chapter 22560, Laws of Florida 1945, section 1 of which provides that "The lien of a mortgage * * * encumbering real estate * * * shall terminate and no action or proceeding of any kind shall be begun to enforce or foreclose the mortgage after the expiration of the following periods * * * (1) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of the mortgage, the period of limitation shall be twenty years after the date of such maturity; (2) If the final maturity of an obligation secured by a mortgage is not ascertainable from the record of the mortgage, the period of limitation shall be twenty years from the date of the mortgage." Section 1, Chapter 22560, Laws of Florida 1945; section 95.28, Florida Statutes 1951, F.S.A. Section 3 of Chapter 22560 provides: "If the record of the mortgage shows that the mortgage secures an obligation payable in installments, and the maturity date of the final installment of the obligation is ascertainable from the record of the mortgage, the periods of limitation in [section 1] hereof shall commence to run from the maturity date of the last installment of the obligation secured by the mortgage as ascertained from the record thereof." Section 95.30, Florida Statutes 1951, F.S.A. Under section 4 of the act it is provided that "The periods of limitation set forth in this Act shall be extended only as provided in this Act; and shall not otherwise be extended by any other agreement, non-residence, disability, partial payment, by operation of law, or by any other method." (Emphasis supplied.) Section 95.31(1) Florida Statutes 1951, F.S.A.; and a succeeding provision of the law is to the effect that "After one year from May 4, 1945, the provisions of this law shall apply to all mortgages in existence on May 4, 1945, on which actions to foreclose have not been commenced * * * provided, however, this law shall not apply to mortgages the enforcement of which is barred under existing law on May 4, 1945." Section 95.34, Florida Statutes 1951, F.S.A., section 9, Chapter 22560, supra.
*878 It is plain that except for the provisions contained in sections 4 and 9 of Chapter 22560, Laws of 1945, no question could have arisen respecting the right of the plaintiffs to institute their foreclosure action, because at all times subsequent to the execution of the notes and mortgage the defendants were non-residents and were absent from the state. The dominant question on this appeal is whether the enactment of sections 4 and 9 of Chapter 22560 operated to set the statute of limitations running as to such absent defendants, so as to preclude the institution of this suit after one year from the passage of the act, in view of section 33, Article III of the Florida Constitution, F.S.A. which provides that "No statute shall be passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage."
We have the view that under controlling decisions this question must be answered in favor of the defendants. In Campbell v. Horne, 147 Fla. 523, 3 So.2d 125, it is held that statutes of limitation containing provisions restricting existing rights as to suits on causes of action are not violative of Section 33, Article III of the Constitution, F.S.A., so long as a reasonable time is provided for the enforcement of the cause of action before the restriction becomes effective. See Mahood v. Bessemer Properties, 154 Fla. 710, 18 So.2d 775, 153 A.L.R. 1199, and Buck v. Triplett, 159 Fla. 772, 32 So.2d 753, to the same effect. Whatever may be said for the reasoning under which the Court arrived at its decision in the cases cited above, we think there can be no escape from the conclusion that the holdings of the cited cases are decisive of the question before us and should be followed. "* * * when a point has once been settled by judicial decision it should, in the main, be adhered to, for it forms a precedent to guide the courts in future similar cases. Especially is this so where a decision construing a statute affects the validity of a certain mode of transacting business or passing title to property, and a change of decision will necessarily confuse or invalidate transactions entered into and acted upon in reliance upon the law as judicially construed. Under such circumstances it has been held that when a point of law has been settled by judicial decision it forms a precedent which may not be departed from no matter what may be the personal predilections of the individual justices. McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323." In re Seaton's Estate, 154 Fla. 446, 18 So.2d 20, 22.
We recognize, of course, that a plea of the bar of the statute of limitations is not, strictly speaking, a proper defense in an equitable proceeding. It is well settled, however, that unless strong equities compelling the application of a different rule are made to appear, a court of equity will apply the statute of limitations in an equity suit with the same substantial effect and same construction as it would receive in a court of law. 34 Am.Jur. 56, Limitation of Actions, Sec. 60; Grable v. Nunez, Fla., 64 So.2d 154; Jones v. Hammock, 131 Fla. 321, 179 So. 674; Hayes v. Belleair Development Co., 120 Fla. 326, 162 So. 698. Such compelling equities are not made to appear in the record before us. We hold, therefore, that this case is ruled by Campbell v. Horne, supra, and that the plaintiffs are barred from maintaining their cause of action to recover principal and interest on the mortgage.
We have a different view as to the claim for taxes which the plaintiffs and their predecessors have been paying since the accrual of the cause of action. As to taxes we think the plaintiffs have a right of recovery. "* * * the amount paid out by the mortgagee for taxes, while secured by the mortgage, was not a part of the original mortgage debt to which the plea of the statute of nonclaim was held by this Court to be a good plea. * * * The amount thus expended for payment of taxes by the mortgagee was an expenditure which the mortgagee was forced to make by reason of the neglect of the mortgagor to carry out his covenant to pay all taxes as they became due. Under these circumstances the mortgagee is entitled to be subrogated *879 to the paramount lien of the State, as to which the statute of nonclaim does not apply." Federal Land Bank of Columbia v. Brooks, 139 Fla. 506, 190 So. 737, 742; Prudential Insurance Co. of America v. Baylarian, 124 Fla. 259, 168 So. 7. To the extent that these rulings may be deemed in conflict with enunciations on the point, upon different facts, in the case of Hillsborough Inv. Co. v. City of Tampa, 149 Fla. 7, 5 So.2d 256, the former decisions must control.
The decree appealed from should be affirmed in part and reversed in part with directions that further proceedings be had in accordance with this opinion and judgment.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.